THE BOARD OF ZONING APPEALS OF THE CITY OF INDIANAPOLIS *v.* ROLL ET AL.

[No. 18,058. Filed December 21, 1950.]

Royse, J., not participating.

*Edward H. Knight,* Corporation Counsel, *Michael B. Reddington,* City Attorney, *Adolph G. Emhardt,* Assistant City Attorney; *Carl H. Weyl* and *Paul H. Buchanan, Jr.,* (of counsel), both of Indianapolis, for appellant.

*John F. Watkins, Robert Bracken;* and *Bamberger & Feibleman* (of counsel), all of Indianapolis, for appellees.

WILTROUT, C. J.—The appellees, by their verified petition filed in the court below, sought to review by certiorari a decision of the appellant board of zoning appeals granting a variance.

In accordance with the procedure prescribed by statute, Acts 1947, ch. 174, p. 571; Burns' 1933 (1949 Supp.), §§ 53-701 to 53-794, the court directed the board to show cause why a writ of certiorari should not issue. The board filed its demurrer to the petition. The demurrer was overruled and the board ruled to answer. It failed and refused to plead further. Thereupon the court rendered judgment that the decision of the board be reversed and its order granting the variance be set aside, annulled, cancelled and reversed. Appellant assails the order overruling the demurrer as being erroneous.

The statute, Burns' 1933 (1949 Supp.), § 53-785, provides in part: "If such board fails to show to the satisfaction of the court that a writ should not issue then the court may allow a writ of certiorari directed to the board of zoning appeals. The writ shall prescribe the time in which a return shall be made to it." Burns' 1933 (1949 Supp.), § 53-788, then provides for a deter-

mination of the matter and the rendering of judgment after the return has been made.

The statutory procedure was not followed in this case, and there was no basis for the judgment at the time it was rendered.

We do not believe that we should decide at this time whether the court committed error in overruling the demurrer. It is possible that when the case is determined in accordance with the statutory procedure appellant will not have been harmed by the ruling, if it be erroneous.

Judgment reversed and cause remanded with instructions for further proceedings consistent with this opinion.

Royse, J., not participating.

NOTE.—Reported in 95 N. E. 2d 713.