BALLMAN ET AL. *v.* DUFFECY ET AL.

[No. 28,799.   Filed January 7, 1952.]

222

*Arthur J. Sullivan; James C. Jay;* and *Frederick E. Schortemeier* (of counsel), all of Indianapolis, for appellants.

*Edward H. Knight,* Corporation Counsel, *Michael B. Reddington,* City Attorney, *Adolph G. Emhardt,.* Ass't. City Attorney, and *Leo M. Gardner,* all of Indianapolis, for appellees.

JASPER, J.—This is an appeal from a judgment dismissing a petition for a writ of certiorari to review a decision of the Board of Zoning Appeals of the City of Indianapolis. A variance had been granted by the Board of Zoning Appeals. Appellants filed their petition for a writ of certiorari to review the decision, pursuant to §§53-783, 53-784, and 53-785, Burns' 1951 Replacement. Appellees entered a special appearance and filed a motion to dismiss the petition for a writ of certiorari, contending that the statutory jurisdiction of the trial court to hear and decide the controversy presented by the petition for a writ of certiorari filed by appellants had not been invoked within the time provided by the statute. The trial court entered judgment dismissing the petition for a writ of certiorari and taxing the costs against petitioners.

Appellants contend that it was error for the trial court to sustain appellees' motion to dismiss appellants' petition.

The procedure for the review of a decision of a board of zoning appeals is statutory.

The pertinent part of §53-783, Burns' 1951 Replacement,[1] is as follows:

"Every decision of the board of zoning appeals shall be subject to review by certiorari.

"Any person or persons, firm or corporation jointly or severally aggrieved by any decision of the board of zoning appeals, may present to the circuit or superior court of the county in which the premises affected is located a petition, duly verified, setting forth that such decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty (30) days after the entry of the decision or order of the board of zoning appeals complained of."

The pertinent part of §53-784, Burns' 1951 Replacement, is as follows:

"On filing a petition for a writ of certiorari with the clerk of the circuit or superior court of the county in which the premises affected are situated, the petitioner shall cause a notice to be issued and served by the sheriff of the county upon the adverse party or parties, if any, as shown by the record of the appeal in the office of the board of zoning appeals. . . .

"The notice shall state that a petition for a writ of certiorari has been filed in the circuit or superior court of the county, as the case may be, asking for a review of the decision of the board of zoning appeals, designating the premises affected and the date of the decision and the time fixed for the return of the writ of certiorari by the board of zoning appeals.

"The service of the writ of certiorari by the sheriff on the chairman or secretary of the board of zoning appeals shall constitute notice to the board and to the city or any official or board thereof charged with the enforcement of the zoning ordinance, and no further summons or notice with

---

[1] See Acts 1951, ch. 291, §5, p. 937.

reference to the filing of such petition shall be necessary."

Section 53-785, Burns' 1951 Replacement, provides as follows:

"Upon presentation of a petition for a writ of certiorari, the circuit or superior court of the county in which the premises affected are situated, or a judge thereof in vacation shall direct the board of zoning appeals within twenty (20) days from the date of such citation, to show cause why a writ of certiorari should not issue. If such board fails to show to the satisfaction of the court that a writ should not issue then the court may allow a writ of certiorari directed to the board of zoning appeals. The writ shall prescribe the time in which a return shall be made to it. This time shall not be less than ten (10) days from the date of issuance of the writ and may be extended by the court or judge thereof."

It was for failure of appellants to comply with the last-cited sections of the statute that the trial court entered its finding and judgment dismissing the petition for a writ of certiorari. The pertinent part of such finding and judgment is as follows:

". . . now finds from its records that said petition for writ of certiorari was filed in the office of the clerk of this court on January 9, 1951, which was within thirty days after the entry of the decision complained of therein; that this court did not enter any order whatsoever in this review proceeding nor issue a writ of certiorari or fix a time for the return thereof, nor was any writ of certiorari nor rule to show cause served upon defendant, Board of Zoning Appeals, or City within said thirty days nor within fifty days, after the entry of the decision complained of nor has it been requested to enter any order or issue any such writ; that no such notice as required by the applicable statute was given defendants who have

filed herein their motions to dismiss said petition for writ of certiorari of any time fixed by this court for the return to any such writ or to show cause and that the purported notice given was defective; that there was served on all defendants a summons by the sheriff and in addition by stipulation of counsel in open court it appeared that there was served on all defendants by the sheriff the following notice:

"'You are hereby notified that a Petition for Writ of Certiorari has been filed in the Superior Court of Marion County asking for a review of the decision of the Board of Zoning Appeals granting a variance for the premises known and designated as 735 E. Maple Road and 3740-44-50 Carrollton Avenue, Indianapolis, Indiana, December 11, 1950, which said Petition for variance was filed by Michael J. Duffecy and is known as File No. 535V50 before the Board of Zoning Appeals in the City of Indianapolis. The time fixed for the return of this writ is February 8, 1951:

'/s/ James C. Jay
' James C. Jay

'/s/ Arthur J. Sullivan
' Arthur J. Sullivan

'Attorneys for Plaintiffs'

that said motions of defendants, other than those who have filed their disclaimer herein, to dismiss petitioners' said petition for writ of certiorari filed herein should be sustained.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the court that the jurisdiction of this court to review the proceedings complained of by petitioners in their said petition for writ of certiorari has not been invoked in the manner nor within the time allowed by law and that this court does not have and cannot now obtain jurisdiction of the persons of the defendants, other than those who have filed their disclaimer herein, for the purpose of reviewing the decision complained of.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that the motion of

the defendant, Board of Zoning Appeals of the City of Indianapolis, and of the individual members thereof, as such members, and of the City of Indianapolis, to dismiss petitioners' said petition for a writ of certiorari be and the same hereby is sustained and petitioners' said petition for a writ of certiorari, as such, be and hereby it is dismissed as to said defendants. . . .

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that the proceeding to review a decision of the Board of Zoning Appeals of the City of Indianapolis complained of by petitioners' petition herein for certiorari hereby is finally disposed of as to the above named defendants, with the costs of said defendants to the date of this judgment, in the amount of $——, taxed against the petitioners. . . ."

It is necessary that the last three quoted-sections of the statute be interpreted together to arrive at the intention of the Legislature and to ascertain whether they are in conflict.

It is to be noted that in §53-783 the Legislature said, in substance, that the party aggrieved by any decision of the board of zoning' appeals *may present* to the circuit or superior court a petition, duly verified, setting forth that such decision is illegal; and it is further provided that:

"The petition shall be *presented to the court within thirty (30) days after the entry of the decision. . . .*" (Our italics).

Section 53-785, it is to be noted, provides that upon presentation of a petition for a writ of certiorari, the circuit or superior court of the county in which the premises affected are situated, or a judge thereof in vacation, shall direct the board of zoning appeals within twenty days from the date of such citation, to show cause why a writ of certiorari should not issue. The

statute further provides that upon the board's failure to show to the satisfaction of the court that a writ of certiorari should not issue, the court may allow such a writ directed to the board of zoning appeals, and also provides for the time in which to make a return to the writ.

Section 53-784, in providing for notice to the adverse parties, states that on filing a petition for a writ of certiorari with the clerk of the circuit or superior court, the petitioner *shall cause a notice to be issued* and served by the sheriff upon the adverse parties, and that the notice shall state that a petition for a writ of certiorari has been filed, asking for a review of the decision, and the time fixed for the return of the writ of certiorari by the board of zoning appeals.

From these statutes, and the procedure therein provided, it is apparent that more than the mere filing of a petition for a writ of certiorari to review a decision of the board of zoning appeals is required. It is necessary under the statute that the petition not only be filed with the clerk, but it must be presented to the court within the thirty days prescribed by the statute, so that the order fixing the date to show cause and the time fixed for the return of the writ can be entered and the notice issued. This procedure is jurisdictional and mandatory. *Lock Joint Tube Co.* v. *Citizens Trust & Sav. Bank* (1941), 218 Ind. 162, 31 N. E. 2d 989.

By reading the last three cited sections of the statute together, the intent of the Legislature is clear. The sections are not conflicting. Appellants in the case at bar failed to present their petition to the court within the thirty days prescribed by the statute. The statutory procedure and requirements for the review of a decision of the board of

zoning appeals were not complied with,[2] and the court did not acquire jurisdiction of the parties and this particular case. This being a statutory proceeding, a strict compliance with the terms of the statute is required.

This court has held that the inherent right to a review of an order of an administrative board or commission is not statutory, but a right under the Indiana Constitution. *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Joseph E. Seagram & Sons v. Board of Com'rs., etc.* (1943), 220 Ind. 604, 45 N. E. 2d 491. However, where the statute provides the remedy of a review, and the procedure to be followed, the procedure must be complied with. In the case at bar the procedure for review does not prohibit the remedy of review by the court, and is not in violation of the Constitution.

This court has heretofore said that a court in acquiring jurisdiction must not only have jurisdiction of the parties and the general subject of the controversy respecting real property, but must have jurisdiction of the subject matter of the particular case. *State ex rel. Ferger v. Circuit Ct.* (1949), 227 Ind. 212, 84 N. E. 2d 585; *Jackson v. Smith* (1889), 120 Ind. 520, 22 N. E. 431. A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case. The court has inherent power to order a dismissal of an action of which it has no jurisdiction. *Miedreich v. Rank et al.* (1907), 40 Ind. App. 393, 82 N. E. 117. The motion to dismiss was proper.

Appellants further contend that their petition for a writ of certiorari was not only an appeal from the

---

[2] See *Board of Zoning Appeals v. Roll* (1950), 120 Ind. App. 671, 95 N. E. 2d 713.

board of zoning appeals, but was a direct attack upon the existence of the Board of Zoning Appeals of the City of Indianapolis. From the caption of their petition and the reading of the three paragraphs thereof, it is disclosed that appellants claim that the actions of the Board of Zoning Appeals were illegal. Also, from the attempted notice, which was signed by attorneys for appellants, it is apparent that the theory of appellants' petition was for a review of the decision of the Board of Zoning Appeals. No injunction or damages were sought. The theory of appellants' proceeding must be determined from the allegations of their petition and the averments therein, and not from isolated averments or isolated acts, such as the contemporaneous issuance of the summons at the time the proceeding to review by certiorari was initiated. *Shew et al.* v. *Hews et al.* (1891), 126 Ind. 474, 476, 26 N. E. 483; *Cottrell et ux.* v. *Aetna Life Insurance Company* (1884), 97 Ind. 311. The theory of appellants' petition was for a writ of certiorari to review a decision of the Board of Zoning Appeals.

After considering all of the contentions of appellants, we find no error.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 2d 646.