BOARD OF ZONING APPEALS OF THE CITY OF FORT WAYNE v. SHELL OIL CO., AND SHARBERG REALTY CORPORATION.

[No. 3-1173A144. Filed June 18, 1975. Rehearing denied August 7, 1975. Transfer denied April 13, 1976.]

*David B. Keller,* City Attorney, of Fort Wayne, *Ralph R. Blume,* Associate City Attorney, of Fort Wayne, for appellant.

*David Peters, Peters, Peebles & Terrill,* of Fort Wayne, for appellees.

HOFFMAN, J.—On March 10, 1972, Shell Oil Company (Shell) executed a conditional lease and option agreement with Sharberg Realty Corporation (Sharberg), under which Shell was to be allowed to construct a combination service station and tunnel car wash upon certain real estate owned by Sharberg in the City of Fort Wayne, Indiana. On the same date, Shell applied to the Building Commissioner of the City of Fort Wayne in order to obtain a building permit and an improvement location permit for the construction of the aforementioned facilities.

Thereafter, on March 15, 1972, the Common Council of the City of Fort Wayne promulgated General Ordinance No. G-04-72, which provides, in pertinent part, as follows:

"AN ORDINANCE pertaining to the construction of establishments for the sale of gasoline and/or diesel fuel.

"WHEREAS, many establishments have been built in the City of Fort Wayne where gasoline and/or diesel fuels, among other products, are sold to motorists and where gasoline and/or diesel fuel is transferred from pumps into the fuel tanks of cars, trucks and/or other vehicles; and

"WHEREAS, the owners of many such establishments have abondoned [sic] them in the sense that the owners have discontinued their use for the purpose of selling gasoline and/or diesel fuel to motorists or for any other purpose; and

"WHEREAS, there are such establishment, abondoned [sic] in the sense aforesaid, in every councilmanic district in the City of Fort Wayne; and

"WHEREAS, the proximity of such establishments, abandoned in the sense aforesaid, is detrimental to property values; and

"WHEREAS, there are in operation in the City of Fort Wayne a great number of establishments where gasoline and/or diesel fuel are sold to motorists and where gasoline and/or diesel fuel is transferred from pumps into the fuel tanks of cars, trucks and/or other vehicles.

"NOW THEREFORE, BE IT ORDAINED BY THE COMMON COUNCIL OF THE CITY OF FORT WAYNE, INDIANA:

"SECTION 1. That for six months from and after the effective date of this Ordinance no building permits will be issued for the construction of establishments where gasoline and/or diesel fuel are sold to motorists and where gasoline and/or diesel fuel is transferred from pumps into the fuel tanks of cars, trucks and/or other vehicles.

"SECTION 2. The Board of Works of the City of Fort Wayne and the City Plan Commission of the City of Fort Wayne shall prepare a study of the conditions and criteria which shall govern the issuance of building permits for the construction from and after the expiration of the ban on the issuance of such permits provided in Section 1 of this Ordinance. In making such study the Board of Public Works shall determine those conditions and criteria which would tend to encourage the utilization of sites where such establishments have been constructed and abandoned in the sense that the owners have discontinued their use for the purpose of selling gasoline and/or diesel fuel to motorists or for any other purpose.

"SECTION 3. If any section, clause, sentence, paragraph, part or provision of this Ordinance shall be held invalid by any court, it shall be held invalid by any court, it shall be conclusively presumed that this Ordinance would have been passed by the Common Council without such invalid section, clause, sentence, paragraph, part or provision.

"SECTION 4. This Ordinance shall be in full force and

effect from and after its passage and approval by the Mayor."

On September 13, 1972, the moratorium on building permits for gasoline pumping stations was extended for an additional three months to December 13, 1972, by General Ordinance No. G-17-72; and on December 13, 1972, it was again extended for a period of three months to March 13, 1973, by General Ordinance No. G-20-72.

Thereafter, on January 18, 1973, Shell was advised by the Assistant Building Commissioner that although Shell had completed all necessary requirements to obtain a building permit, such permit would not issue due to the service station moratorium then in effect. As a result of this determination, plaintiffs-appellees Shell and Sharberg took an appeal to the Board of Zoning Appeals of the City of Fort Wayne (Board) on January 24, 1973. Following a hearing, the Board denied the appeal stating that it had no jurisdiction to reverse the decision of the Building Commissioner for the reason that such decision was not based upon a zoning ordinance. The Board's decision was filed on February 22, 1973. On March 9, 1973, Sharberg and Shell filed a petition for writ of certiorari with the Allen Circuit Court.

Subsequent to an agreement by the parties to submit the matter on the record and briefs, the trial court, on July 24, 1973, entered judgment which reads, in part, as follows:

"This matter having been under advisement, the Court now adopts the findings of facts as submitted by the Petitioners, and orders said findings of record as the findings of this Court.

"The Court now makes the following conclusions of law:

"1. The law is with the Petitioners, Shell Oil Company, and Sharberg Realty Corporation, and against the Respondent, Board of Zoning Appeals of the City of Fort Wayne, Indiana.

"2. That General Ordinance No. G-04-72 was not in full force and effect on March 10, 1973, when Petitioners filed for and were entitled to a building permit and said ordinance cannot be applied retroactively to defeat said building permit; therefore, the decision of the Board of Zoning Ap-

peals in case no. 10-1973-Z is hereby reversed and said Board of Zoning Appeals is hereby ordered to reverse its findings and decision and to direct Building Commission of the City of Fort Wayne to issue said permit to the Petitioners on or before July 31, 1973."

Thereafter, Board's motion to correct errors was overruled and the present appeal was perfected.

The first issue to be considered is whether defendant-appellant Board of Zoning Appeals had jurisdiction to review a decision by the Building Commissioner wherein a building permit was denied under the authority of General Ordinance No. G-04-72.

IC 1971, 18-7-5-82, Ind. Ann. Stat. § 53-778 (Burns 1964), provides, in pertinent part, as follows:

"The board of zoning appeals shall:

"1. Hear and determine appeals from and review any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to sections 56 through 65 [§§ 53-756—53-766] of this act."

Board contends that it was without jurisdiction to review the decision of the Building Commissioner in this instance for the reason that the denial of a building permit resulted from the enforcement of an ordinance which had not been adopted pursuant to IC 1971, 18-7-5-58—18-7-5-68, Ind. Ann. Stat. §§ 53-756 to 53-766 (Burns 1964), as provided by IC 1971, 18-7-5-82, *supra.*

We do not, however, agree that the language of IC 1971, 18-7-5-82, *supra,* admits of such a construction. Rather, it must be concluded that the terms "any ordinance or regulation adopted pursuant to sections 56 through 65 [§§ 53-756—53-766] of this act" refer to the master plan and ordinance together with any ordinances or regulations amendatory or supplemental thereto. We are not, therefore, principally concerned with the subject-matter of General Ordinance No. G-04-72 in a determination of the present question; and, it becomes unnecessary to classify it in this instance as a zoning

ordinance or ordinance adopted pursuant to IC 1971, 18-7-5-82, *supra.* The single inquiry is whether the Building Commissioner is "an administrative official or board charged with the enforcement" of the master plan and ordinance or any amendatory or supplemental ordinances enacted under the power delegated and in accordance with the procedures prescribed by IC 1971, 18-7-5-58 to 18-7-5-68, *supra.* That the Building Commissioner is such "an administrative official" with such a duty is undisputed. See: *Board of Zoning App. etc.* v. *LaDow et al.* (1958), 238 Ind. 673, 153 N.E.2d 599. This being the case, we note that IC 1971, 18-7-5-55, Ind. Ann. Stat. § 53-753 (Burns 1964), provides, in pertinent part, that,

> "Within the corporate limits of a city, a structure shall not be located and an improvement location permit for a structure on platted or unplatted lands *shall not be issued unless the structure and its location conform to the master plan and ordinance.*" (Emphasis supplied.)

Thus, conformity to "the master plan and ordinance" will always be a prerequisite to the issuance of an improvement location permit or building permit. Viewed from a different standpoint, whenever a building permit is required the Board of Zoning Appeals automatically has jurisdiction to review the Commissioner's determination. The Board's jurisdiction is invoked by the requirement of a building permit. This is so because conformity to the master plan and ordinance is a prerequisite to obtaining a permit and because the master plan and ordinance which would thereby be enforced is within the meaning of the terms, "ordinance or regulation adopted pursuant to \*\*\* of this act", in IC 1971, 18-7-5-82, *supra.*

Since the determination of Board's jurisdiction to review any given appeal from the Building Commissioner is thus keyed upon the requirement of a building permit rather than the specific character of the law upon which the Commissioner relies, the necessity that the Board examine each ordinance upon which the Commissioner's decision may be based is, in effect, eliminated for purposes of determining its jurisdiction.

The next issue which must be considered is whether the trial court acquired jurisdiction to grant Shell's petition for writ of certiorari.

Relevant to this question is IC 1971, 18-7-5-87, Ind. Ann. Stat. § 53-783 (Burns 1964), which provides, in pertinent part, as follows:

"Every decision of the board of zoning appeals shall be subject to review by certiorari.

"Any person or persons, firm or corporation jointly or severally aggrieved by any decision of the board of zoning appeals, may present to the circuit or superior court of the county in which the premises affected is located a petition duly verified, setting forth that such decision is illegal in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty [30] days after the date of the decision and the order of the boards of zoning appeals complained of."

It is asserted by appellant that Shell did not comply with the requirements of IC 1971, 18-7-5-87, *supra*, in that Shell failed to present the petition to the court and to obtain a court order fixing the date to show cause within thirty days from the date of the decision of the Board of Zoning Appeals. An examination of the record herein reveals that the decision of the Board was rendered on February 22, 1973. Thereafter, the following was entered of record:

"BE IT FURTHER REMEMBERED that afterwards, to-wit: on the 9th day of March, 1973, before the Honorable John Fleck, Judge Pro Tem, the following proceedings were had in the above entitled action before the Honorable Judge aforesaid, to-wit:

"Come now the plaintiffs herein, by counsel, and file petition for writ of certiorari, and hearing on said petition is now by the Court set for March 26, 1973, at 3:30 o'clock P.M."

On the same day, March 9, 1973, Shell caused summons to issue to "Morris J. Holmes, as Chairman of the Board of Zoning Appeals of the City of Fort Wayne, \*\*\*"; and further caused a citation to issue which, omitting caption and formal parts, reads as follows:

"TO THE SHERIFF OF ALLEN COUNTY, GREETINGS:

"You are hereby commanded to cite the Board of Zoning Appeals of the City of Fort Wayne, Indiana, to be and appear in this Court before the Judge thereof at the Court House in Fort Wayne, Indiana, at 3:30 o'clock P.M. on the 26 day of March, 1973, then and there to show cause, if any it have, why a Writ of Certiorari should not issue herein as prayed for by the petitioners herein and if this citation you will duly return.

/s/ ROBERT D. HANSON

Clerk, Allen Circuit Court

Serve defendant by service upon: Morris J. Holmes, as Chairman of the Board of Zoning Appeals of the City of Fort Wayne, City-County Building, One Main Street, Fort Wayne, Indiana 46802."

On March 26, 1973, Board appeared by its attorney and filed a motion to dismiss pursuant to Ind. Rules of Procedure, Trial Rules 12(B)(1) and 12(B)(6), together with a brief in support of a showing of cause that writ of certiorari should not issue.

Board places primary reliance upon the case of *Ballman v. Duffecy* (1952), 230 Ind. 220, at 228, 102 N.E.2d 646, at 649, wherein our Supreme Court stated:

"From these statutes, [IC 1971, 18-7-5-87—18-7-5-89, Ind. Ann. Stat. §§ 53-783 to 53-785 (Burns 1964)] and the procedure therein provided, it is apparent that more than the mere filing of a petition for a writ of certiorari to review a decision of the board of zoning appeals is required. It is necessary under the statute that the petition not only be filed with the clerk, but it must be presented to the court within the thirty days prescribed by the statute, so that the order fixing the date to show cause and the time fixed for the return of the writ can be entered and the notice issued. This procedure is jurisdictional and mandatory. *Lock Joint Tube Co. v. Citizens Trust & Sav. Bank* (1941), 218 Ind. 162, 31 N.E.2d 989."

The court in *Ballman* subsequently found that appellants therein had failed to present their petition for writ of certiorari to the trial court within the 30-day period prescribed by IC 1971, 18-7-5-87, *supra*. It was, therefore, concluded that the trial court did not acquire jurisdiction.

In the case at bar we find, however, that the petition for writ of certiorari was, indeed, timely presented to the trial court as evidenced by the court's entry of March 9, 1973. Furthermore, neither our Supreme Court in *Ballman* nor this court in *Porter* v. *Bd. Zoning App.* (1970), 146 Ind. App. 272, 254 N.E.2d 882; *Noblitt, et al.* v. *Met. Plan Com., etc. et al.* (1963), 136 Ind. App. 628, 190 N.E.2d 664 (transfer denied) ; or *Kupfer et al.* v. *Board of Zoning Appeals* (1959), 130 Ind. App. 55, 162 N.E.2d 110, also cited by appellant, were directly concerned with whether the trial court, having been presented the petition, issued an order to show cause.

We conclude that the March 9, 1973, entry by the trial court, although lacking the magic words "show cause", nevertheless was sufficient compliance with the statute. What is more, appellees caused the above quoted citation and summons to issue; and appellant, sufficiently apprised thereby of the character of the hearing set for March 26, 1973, appeared and filed a motion to dismiss together with a brief in support of a showing of cause that the writ should not issue. It must follow that the trial court had acquired jurisdiction.

Reaching the merits on this, the final issue, we find the question to be one of whether the trial court was correct in finding that petitioners were entitled to a building permit on the date of application since General Ordinance No. G-04-72 could not be applied retroactively to defeat said permit.

Appellant urges that the question now at hand is not the validity of the ordinance and that this court is precluded from making such an inquiry for the reason that the trial court did not rule upon the issue. It should be pointed out, however, that in the event the conclusions of the trial court could not be sustained, this court would yet be bound to affirm on any theory and would not hesitate to launch an inquiry into the validity of the ordinance. We find this unnecessary in the present case.

Herein, the evidence discloses that on the date of the application for a permit the use contemplated was conforming. It was

only afterward that General Ordinance No. G-04-72 became effective. Indiana demands that an application for a permit such as that sought by Shell be decided under the zoning requirements in effect at the time the application is filed. *Knutson et al.* v. *State ex rel. Seberger et al.* (1959), 239 Ind. 656, 666, 160 N.E.2d 200 (opinion on petition for rehearing). See also: *Gibson* v. *Oberlin* (1960), 171 Ohio St. 1, 12 Ohio Ops.2d 1, 167 N.E.2d 651; *State ex rel. Ogden* v. *Bellevue* (1954), 45 Wash.2d 492, 275 P.2d 899; *Lordship Park Association* v. *Board of Zoning Appeals* (1950), 137 Conn. 84, 75 A.2d 379; Annot., 50 A.L.R.2d 596. The right to use property in accordance with prevailing zoning ordinances accrues upon the filing of an application for a building permit; and an ordinance of substantive character cannot later operate to divest such right. *Knutson et al.* v. *State ex rel. Seberger et al., supra.* Accordingly, in the case at bar it must be concluded that Shell was entitled to have its application for a building permit determined under the law existing at the time of the filing thereof.

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 329 N.E.2d 636.