SHIPSHEWANA CONVENIENCE COR-
PORATION, Mildred Mishler, Keith and
Judy Mishler and George Bachman, Ap-
pellants–Petitioners,

v.

THE BOARD OF ZONING APPEALS OF
LAGRANGE COUNTY, INDIANA, Rich-
ard W. Parish and Marian L. Parish,
Husband and Wife, Appellees–Respon-
dents.

No. 44A03–9406–CV–237.

Court of Appeals of Indiana,
Third District.

Dec. 9, 1994.

Dane L. Tubergen, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellants.

Jeffrey L. Gage, Bloom Gate Gates & Whiteleather, Columbia City, Leroy K. Schultess, LaGrange, for Richard W. Parish and Marian L. Parish.

Phillip A. Renz, Diana C. Bauer, Miller, Carson, Boxberger & Murphy, Fort Wayne, Jeffrey A. James, LaGrange, for The Board of Zoning Appeals of LaGrange County, Indiana.

### OPINION

STATON, Judge.

Shipshewana Convenience Corporation, Mildred Mishler, Keith Mishler, Judy Mishler, and George Bachman (collectively "Shipshewana") appeal from the trial court's judgment to dismiss with prejudice their petition for writ for certiorari for review of a decision by the Board of Zoning Appeals LaGrange County, Indiana ("BZA"). Shipshewana presents three issues for our review which we restate as follows:

I. Whether the trial court erred in determining that Shipshewana failed to meet the jurisdictional prerequisites mandatory to obtaining judicial review of a decision of a board of zoning appeals.

II. Whether dismissal of Shipshewana's petition was the only remedy available to the trial court.

III. Whether the trial court's dismissal of Shipshewana's petition for writ of certiorari violated Shipshewana's right to due process of law.

We affirm.

Richard W. Parish and Marian Parish ("Parish") filed an application for a variance with BZA which was approved on April 26, 1993. On May 26, 1993, Shipshewana filed and presented to the LaGrange Circuit Court a verified petition for a writ of certiorari alleging that the decision of BZA was illegal. Along with the petition, Shipshewana notified BZA and Parish by way of service by the county sheriff.[1] On August 2, 1993, BZA filed a motion to dismiss for lack of jurisdiction. After conducting a hearing on the issues, the trial court granted BZA's motion. The trial court subsequently denied Shipshewana's motion to correct errors. This appeal ensued.

### I.

*Jurisdictional Requirements*

Shipshewana contends that the trial court erred when it dismissed Shipshewana's petition for writ of certiorari for failure to meet the jurisdictional requirements mandatory to invoking judicial review of a decision of a board of zoning appeals.

The procedure with which to review a decision of a board of zoning appeals is set forth by statute. IND.CODE 36–7–4–1003(a) (1993) provides in pertinent part:

(a) Each decision of the ... board of zoning appeals is subject to review by certiorari. Each person aggrieved by a decision of the board of zoning appeals ... may present to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality.

(b) ADVISORY. The person shall present the petition to the court within thirty (30) days after the date of that decision of the board of zoning appeals.

I.C. 36–7–4–1005 provides in pertinent part:

(a) On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party.... An adverse party is any property

---

1. Appellees, BZA and Parish, are hereinafter collectively referred to as "BZA".

owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner.

I.C. 36–7–4–1006 provides in pertinent part:

> On presentation of a petition for a writ of certiorari, the court *shall direct the board of zoning appeals, within twenty (20) days after the date of the petition, to show cause why a writ of certiorari should not issue.* If the board fails to show to the satisfaction of the court that a writ should not issue, then the court may allow a writ of certiorari directed to the board. The writ must prescribe the time in which a return shall be made to it. This time must not be less than ten (10) days from the date of issuance of the writ, and the court may extend the time. (Emphasis added.)

■ Shipshewana asserts that it complied with the statutory requirements of I.C. 36–4–7–1003, I.C. 36–4–7–1005 and I.C. 36–4–7–1006 when it timely filed a verified petition for writ of certiorari with the trial court and served notice on BZA by way of the sheriff. BZA contends that because no order to show cause was conducted prior to the issuance of the Writ of Certiorari and within twenty days of the filing of the petition, as required by I.C. 36–7–4–1006, Shipshewana did not sufficiently comply with the statute and therefore failed to invoke the trial court's jurisdiction.

■ In a proceeding for judicial review of an administrative determination, compliance with the statutory requirements for review is a condition precedent to jurisdiction. *Keil Chemical v. Common Council* (1993), Ind.App., 612 N.E.2d 209, 212, *trans. denied.* Where there is a failure to comply with jurisdictional requirements embodied in a statute, a trial court does not acquire jurisdiction of the parties or the particular case. *Id.* at 213. A petitioner for a writ of certiorari must take certain actions to insure that

his petition for writ of certiorari is brought within the confines of the jurisdictional statutes to the best of his abilities. *Allen County, Ind. Bd. of Zoning Appeals v. Guiff* (1990), Ind.App., 552 N.E.2d 519, 523.

In construing a predecessor statute, our supreme court instructed:

> It is apparent that more than the mere filing of a petition for a writ of certiorari to review a decision of the board of zoning appeals is required. It is necessary under the statute that the petition not only be filed with the clerk, but it must be presented to the court within the thirty days prescribed by the statute, so that the order fixing the date to show cause and the time fixed for the return of the writ can be entered and the notice issued. This procedure is jurisdictional and mandatory.

*Ballman v. Duffecy* (1952), 230 Ind. 220, 227–228, 102 N.E.2d 646, 649.

This court addressed a similar issue in *Bd. of Zoning Appeals, City of Ft. Wayne v. Shell Oil Co.* (1975), 164 Ind.App. 497, 329 N.E.2d 636, *trans. denied.* In *Shell Oil,* Shell Oil Co. ("Shell") filed a petition for writ of certiorari for which the trial court set a date for a hearing on such petition.[2] *Id.* 329 N.E.2d at 641. On the same day, Shell caused summons to be issued to the respondents.[3] The trial court granted Shell's petition. On appeal, the Board of Zoning Appeals ("the Board") asserted that the trial court did not have jurisdiction to grant the petition because Shell had failed to present the petition to the court and to obtain a court order fixing the date to show case within thirty days from the date of the decision by the BZA. *Id.* at 640.

The Third District determined that Shell had filed a timely petition and that the "entry by the trial court, although lacking the magic words 'show cause', nevertheless was suffi-

---

**2.** The trial court entered the following on the record:

> Comes now the plaintiffs herein, by counsel, and file petition for writ of certiorari, and hearing on said petition is now by the Court set for March 26, 1973, at 3:30 o'clock p.m.

*Shell Oil, supra,* 329 N.E.2d at 641.

**3.** Such summons commanded the respondent to appear at the hearing "to show case, if any it have, why a Writ of Certiorari should not issue herein as prayed by petitioners herein ..." *Shell Oil, supra,* at 641.

cient compliance with the statute."[4] *Id.* at 642. The court reasoned that Shell caused the court to set a hearing date and summons to be issued thereby apprising the Board of the nature of the hearing. *Id.* Thus, the court concluded that the trial court did acquire jurisdiction. *Id.*

Our examination of the record reveals that BZA rendered its decision regarding the variance on April 26, 1993. Shipshewana timely filed a verified petition for writ of certiorari with the trial court on May 26, 1993 and caused summons to be served upon BZA. Along with their petition, Shipshewana submitted a proposed Order for Writ of Certiorari.[5]

The record indicates that neither the petition with the attached order nor the summons contained the "magic words 'show cause'". *Shell Oil, supra,* at 642. The petition and the order offered no notice that I.C. 36–7–4–1006 required the court to direct BZA to show cause why the writ should not be issued. Moreover, unlike in *Shell Oil,* the summons did not contain any notice that BZA was required by I.C. 36–7–4–1006, within twenty days after the date of the petition, to show cause why the writ should not be issued.

4. In *Shell Oil,* the Third District construed I.C. 18–7–5–87, the predecessor of the current statute, I.C. 36–7–4–1003.

5. The order for Writ of Certiorari stated:
   Comes now the Petitioners and submit their Verified Petition for Writ of Certiorari and the Court being properly informed in the premises now orders the Clerk to cause to be issued to ... [BZA] ... directing [BZA] to cause to be certified to the Court for review each and all the acts, orders, transcript of proceedings, exhibits, papers entered, received and filed before the [BZA], together with its specific findings of fact in the application of Respondents, Richard W. Parish and Marian L. Parish.
   IT IS FURTHER ORDERED that the said Respondent make due return of said Writ by filing with the Court on or before the 30th day of June, 1993, and that the Clerk shall cause the Sheriff to serve the said Writ upon said Respondent and make due return thereof.
   Record, pp. 14–15.

6. BZA contends that the trial court committed invited error by failing to direct an order to show cause as required by I.C. 36–7–4–1006 as a result of Shipshewana's submission of an Order for Writ of Certiorari along with its petition. BZA

As such, we determine that Shipshewana failed to sufficiently comply with the statute and did not bring its petition within the confines of the statutory requirements to the best of its ability. *Allen County, supra,* at 523. Because compliance with the statutory requirements for review is a condition precedent to jurisdiction, we conclude that the trial court appropriately dismissed Shipshewana's petition for lack of jurisdiction.[6] *Keil, supra,* at 212.

## II.

### *Appropriateness of Dismissal*

Shipshewana contends that the trial court was not required to dismiss its petition in order to assure protection of BZA's right to due process of law.

■ Shipshewana recognizes that BZA was statutorily entitled to an opportunity to show why a writ of certiorari should not have been issued and that BZA was denied this right. However, Shipshewana asserts that the dismissal of its petition was not necessary and the trial court instead could have revoked the writ and directed an order to show cause.[7] We disagree.

states that Shipshewana "completely sidestepped this important procedural prerequisite by simply providing the Court with an Order for Writ of Certiorari without first obtaining an order to show cause." Board of Zoning Appeals' Br. at 11.

We acknowledge that, by estoppel, a party will not be permitted to take advantage of errors which he himself committed or invited or induced the trial court to commit, or *which were the natural consequences of his own neglect or misconduct. Jolly v. Modisett* (1971), 257 Ind. 426, 429, 275 N.E.2d 780, 782 (emphasis in original). See also *State Bd. of Tax Comm'rs v. South Shore Marina* (1981), Ind.App., 422 N.E.2d 723, 730 *reh. denied* (doctrine of invited error in an administrative proceeding). However, because we conclude that the trial court properly dismissed Shipshewana's petition for failure to acquire jurisdiction, we need not make a determination on this issue.

7. Shipshewana cites *Armstrong v. Manzo* (1965), 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62. In reversing the entry of an adoption decree against a natural father who was not given notice of the adoption proceedings, the Court instructed that the only way the trial court could have fully

Failure to comply with the statutory procedure to obtain judicial review by certiorari of a decision by a board of zoning appeals is jurisdictional and requires dismissal of the action. *Allen County, supra,* at 522. The trial court was required to dismiss Shipshewana's petition upon its finding that it lacked jurisdiction over the matter. We therefore reject Shipshewana's contention that the trial court could have simply revoked the petition and set a date for a hearing for an order to show cause rather than order dismissal of the petition.

### III.

*Denial of Shipshewana's Right to Due Process of Law*

Shipshewana asserts that the trial court's dismissal of its petition was a denial of its fundamental right to due process of law. Shipshewana notes that the inherent right to a review of an order of an administrative board or commission is not statutory, but a right under the Indiana Constitution. *Ballman, supra,* 230 Ind. 220, 102 N.E.2d at 650. However, *Ballman* further indicates "where the statute provides a remedy of a review and the procedure to be followed, that procedure must be complied with." *Id.*

Shipshewana was provided by statute for a remedy of review and failed to comply with that procedure. Shipshewana's own failure led to any such deprivation of its due process rights. Due process requires only that review of administrative remedies be available, not that the parties may evade specific requirements contained in the review statutes. *Biggs v. Bd. of Zoning Appeals of the City of Wabash* (1983), Ind.App., 448 N.E.2d 693, 694, *reh. denied.* Accordingly,

accorded the petitioner his right to be heard "was to consider the case anew." *Armstrong, supra,* at 552, 85 S.Ct. at 1191. The Court opined "[o]nly that would have wiped the slate clean.... [o]nly that would have restored the petitioner to the position he would have occupied

we conclude that Shipshewana's contention is without merit.

Affirmed.

GARRARD and FRIEDLANDER, JJ., concur.

had due process of law been accorded to him in the first place." *Id.* Shipshewana similarly asserts that instead of dismissing its petition, the trial court could have simply "wiped the slate clean" and considered the case anew. Appellant's Br. at 22.