Roland B. FOSTER, Jr. and Carolyn Foster, Appellants–Plaintiffs,

v.

BOARD OF COMMISSIONERS OF WARRICK COUNTY, INDIANA; Jerry Stuart, Paul Gore and Cletis Bradshaw, as Warrick County Commissioners; Warrick County Area Planning Commission; and Warrick County Drainage Board, Appellees–Defendants.

No. 63A01–9409–CV–296.

Court of Appeals of Indiana, First District.

March 17, 1995.

Rehearing Denied June 7, 1995.

Leslie C. Shively, Shively & Associates, Evansville, for appellants.

Michael R. Morow, Stephenson Daly Morow & Kirnik, Indianapolis, for appellees.

## OPINION

ROBERTSON, Judge.

Roland B. Foster, Jr. and Carolyn Foster [Foster] appeal the adverse judgment, entered after a trial before the bench, in their inverse condemnation/regulatory taking lawsuit against the Board of Commissioners of Warrick County, the Warrick County Area

Planning Commission, and the Warrick County Drainage Board [County]. Foster raises three issues, which we restate and consolidate into one issue as follows:

Whether the County improperly declared a moratorium on issuing building permits in Foster's subdivision where the storm sewer installed by Foster was inadequate and failed to comply with the plans and specifications submitted by Foster and approved by the County under its subdivision control ordinance?

## FACTS

The facts in the light most favorable to the trial court's judgment reveal that Foster was the developer of several housing subdivisions known collectively as "Old Hickory Estates." Foster had obtained primary and secondary plat approval from the County under the comprehensive subdivision control ordinance. In obtaining these approvals from the County, Foster's engineer certified that all requirements of the ordinance had been satisfied.

However, as the development progressed, numerous homeowners experienced substantial flooding of their properties and the streets in the subdivision. The office of the Indiana Attorney General forwarded a petition to the County signed by 104 citizens protesting the flooding problem in the development. One homeowner hired an independent engineering firm which discovered that the main storm sewer drainage pipe for the development was substantially out of compliance with the drainage system designed by Foster's engineers and approved by the County under the ordinance. The plans submitted by Foster and approved by the County called for this storm sewer drainage pipe to have a slope of 1.5%. However, the pipe actually installed had a much flatter slope of .46%. This deviation represented a difference of eleven feet in fall over the entire drainage system and was identified as the cause of the flooding problems experienced in the subdivision.

The County, in response to this discovery, declared a moratorium on issuing building permits for lots that, if developed, would increase the surface water drainage problem caused by the inadequacy in the surface water drainage system. Foster owned seven lots affected by the moratorium. After Foster corrected the drainage problem by installing another drainage pipe, the County lifted the moratorium.

## DECISION

Foster filed a motion for specific findings under Ind.Trial Rule 52. Special findings provide the parties and the reviewing court with the theory on which the trial court decided the case so that the right of a review may be effectively preserved. *Seslar v. Seslar* (1991), Ind.App., 569 N.E.2d 380. Special findings should contain all the facts necessary to support the trial court's judgment. *Id.* When special findings are reviewed, we may not affirm the trial court's judgment on any ground not mentioned in the findings which may be supported by the record, but must determine if the findings are adequate to support the trial court's decision. *Id.* When reviewing a case in which the trial court has made requested findings, we will not set aside the court's judgment unless it is clearly erroneous. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, *trans. denied.* In determining whether the findings and judgment are clearly erroneous, we will neither weigh the evidence nor judge witness credibility, but we will consider only the evidence and reasonable inferences which support the judgment. *Id.*

Foster asserts that once the County gave primary and secondary approval to the plat of his development, it lacked the authority to declare a moratorium on issuing building permits. Foster argues the County's sixth month moratorium violated his rights to due process and constituted an inverse condemnation or a regulatory taking of his property.

Indiana's Home Rule Act, Ind.Code § 36–1–3–1 to –9 vests a local governmental body charged with land use control pursuant to its local zoning ordinance with all the powers necessary or desirable in the conduct of its affairs. *City of Crown Point v. Lake County* (1987), Ind., 510 N.E.2d 684. Any doubt as to the existence of a power of such a local governmental unit shall be resolved in favor of its existence. I.C. 36–1–3–3(b).

The Wyoming case of *Sun Ridge Development, Inc. v. City of Cheyenne* (1990), Wyo., 787 P.2d 583, is instructive. In *Sun Ridge*, a city imposed a moratorium upon further building in response to a developer's refusal to comply with the local water drainage regulations which had resulted in substantial flooding problems for other landowners. 787 P.2d at 589–90. The *Sun Ridge* court held that the local governmental body was justified in imposing the moratorium as a reasonable exercise of its police power to promote public safety. *Id.*

■ In the present case, the comprehensive subdivision control ordinance provided, in pertinent part:

> A storm water sewer or a surface drainage system adequate to serve the area being subdivided shall be provided. Such systems shall be in accordance with the plans and specifications approved by the Plan Commission and Drainage Board prior to primary plat approval.
>
> \* \* \* \* \* \*
>
> No Improvement Location Permit shall be issued for any property subject to the provisions of this Ordinance until the appropriate requirements are met *and* the approvals required by this Ordinance are granted.
>
> \* \* \* \* \* \*
>
> Any ... violation of the terms of this Ordinance ... may be restrained, enjoined or abated in any appropriate action or proceeding.

(Emphasis added). A prerequisite to the issuance of a building permit is compliance with the relevant master plan approved under the zoning ordinance. *Laws v. Lee* (1984), Ind.App., 471 N.E.2d 1229, 1233; *Board of Zoning Appeals of City of Fort Wayne v. Shell Oil Co.* (1975), 164 Ind.App. 497, 329 N.E.2d 636, 640, *trans. denied.*

■ Under the ordinance effective in the present case, no building permit could issue until the requirements of the ordinance, including the installation of an adequate storm water sewer or a surface drainage system in accordance with the plans and specifications approved by the County, had been satisfied.

At the time the County imposed the moratorium, the subdivision did not have an adequate storm water sewer or surface drainage system as evidenced by the severe flooding problems. Nor did the storm water sewer installed in the subdivision comply with the plans and specifications approved by the County under the ordinance; the slope of the main drainage pipe was much flatter than called for under the approved specifications.

Foster was not entitled to be issued building permits for his lots affected by the moratorium because the subdivision ordinance had not been satisfied. We hold the County was authorized, as an appropriate exercise of its police power in the enforcement of its ordinance, to issue the moratorium on building permits until Foster brought his development into compliance with the ordinance by rectifying the surface water problem. The trial court's findings are supported by the evidence and the judgment is supported by the findings. Therefore, the trial court's judgment is not clearly erroneous and we find no error.

Judgment affirmed.

NAJAM and KIRSCH, JJ., concur.