SHIPSHEWANA CONVENIENCE COR-
PORATION, Mildred Mishler, Keith and
Judy Mishler and George Bechman, Ap-
pellants–Petitioners,

v.

The BOARD OF ZONING APPEALS OF
LAGRANGE COUNTY, Indiana, Rich-
ard W. Parish and Marian L. Parish,
Husband and Wife, Appellee–Respon-
dents

No. 44 S03–9503–CV–374.

Supreme Court of Indiana.

Oct. 11, 1995.

Dane L. Tubergen, Hunt, Suedhoff, Bor-
row & Eilbacher, Fort Wayne, for appellants.

Phillip A. Renz, Miller, Carson, Boxberger
& Murphy, Fort Wayne, Jeffrey A. James,
LeRoy K. Schultess, LaGrange, Jeffrey L.
Gage, Columbia City, for appellees.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

We hold that strict compliance with the
requirements of the statute governing ap-
peals from decisions of boards of zoning ap-
peals is necessary for the trial court to obtain
jurisdiction over such cases. However, we
are unable to conclude that a trial court fails
to acquire such jurisdiction when a petitioner
fails to request the order to show cause
contemplated by that statute.

I

The procedure for judicial review of a deci-
sion of a board of zoning appeals is controlled
by statute. The statutory requirements im-
plicated in this case are as follows:

1. A party aggrieved by a decision of a
Board of Zoning Appeals must file (a) a
verified petition;[1] (b) for a writ of certiorari
to the Board of Zoning Appeals;[2] (c) in a
circuit or superior court in the county in

---

1. Ind.Code § 36–7–4–1003(a).

2. Ind.Code § 36–7–4–1005.

which the premises are located;[3] (d) within thirty days after the date of the Board of Zoning Appeal's decision;[4] (e) setting forth that the decision of the Board of Zoning Appeals is illegal in whole or in part and specifying grounds of the illegality.[5]

2. The aggrieved party must have notice served by the sheriff on each "adverse party" as defined by the statute.[6]

3. Upon the filing of a petition for a writ of certiorari, the court is required to direct the Board of Zoning Appeals, within twenty days after the date of the petition, to show cause why the writ of certiorari should not issue.[7]

4. If the Board of Zoning Appeals makes no or an inadequate showing that the writ should not issue, the court may issue the writ, prescribing a deadline for response not less than ten days from the date the writ is issued.[8]

In this case, Richard and Marian Parish successfully applied to the LaGrange County Board of Zoning Appeals for a variance from the LaGrange County Zoning Ordinance. Shipshewana Convenience Corporation and others (collectively referred to in this opinion as the petitioners) filed a verified petition for a writ of certiorari to the Board in the La-Grange Circuit Court within thirty days after the date of the Board's decision alleging that the decision of the Board was illegal and specifying the grounds of the alleged illegality. Notice was given to the Board and the Parishes (collectively referred to in this opinion as the respondents). Neither the Board nor the Parishes argue to us that any of the statutory requirements identified in items 1 or 2 above were not complied with.

Within a few days of the filing of the verified petition, the trial court issued the writ of certiorari in the form requested by petitioners, in compliance with the require-ments described in the second part of item 4 above.

What were missing, of course, were the order to the Board to show cause as to why the writ should not issue and the Board's opportunity to respond, as described in item 3 and the first part of item 4 above. The respondents seized upon this defect and moved to dismiss the petition on grounds that the trial court never acquired subject matter jurisdiction over the cause. Citing to precedent to be reviewed *infra*, they argue that by failing to obtain an order to show cause in advance of the issuance of the writ, the petitioners failed to comply with the re-quirements of the statute such that the juris-diction of the court was not invoked.

Petitioners concede that their verified peti-tion did not contain any request for the trial court to issue the order to show cause but argue that the statute imposed no duty upon them to do so. Rather, they contend that it was the trial court's job, not theirs, to issue the order to show cause.

Upon consideration of the arguments, the trial court agreed with respondents, quashed the writ, and granted the motion to dismiss with prejudice. The Court of Appeals af-firmed. *Shipshewana Convenience Corp. v. Board of Zoning Appeals of LaGrange County, Indiana* (1994), Ind.App., 644 N.E.2d 581.

II

■ Where there is a failure to comply strictly with the jurisdictional requirements embodied in the statute providing for judicial review of the decisions of a board of zoning appeals, a trial court does not acquire juris-diction of the parties or the particular cause. *State ex rel. Board of Zoning Appeals of the City of Indianapolis v. Grant* (1965), 246 Ind. 317, 318, 204 N.E.2d 658, 659; *Ballman v. Duffecy* (1952), 230 Ind. 220, 229, 102 N.E.2d 646, 650.[9] Indeed, Indiana appellate

---

3. Ind.Code § 36–7–4–1003(a).

4. Ind.Code § 36–7–4–1003(b).

5. Ind.Code § 36–7–4–1003(a).

6. Ind.Code § 36–7–4–1005.

7. Ind.Code § 36–7–4–1006.

8. Ind.Code § 36–7–4–1006.

9. This is an important principle of administrative law generally and has been applied in appeals from administrative determinations on a wide variety of subjects, including unemployment compensation, *Claywell v. Board* (1994), Ind., 643 N.E.2d 330; state employee discharge, *Indiana Dep't of Highways v. Dixon* (1989), Ind.,

courts have affirmed dismissals of such cases for failure to file a verified petition, *Keil Chemical v. Common Council* (1993), Ind. App., 612 N.E.2d 209, 212, *trans. denied;* failure to provide notice to adverse parties, *Allen Co., Indiana, Bd. of Zoning Appeals v. Guiff* (1990), Ind.App., 552 N.E.2d 519, 523; [10] and failure to present a petition to the trial court within the 30–day period, *Ballman,* 230 Ind. at 228, 102 N.E.2d at 649.

But even though there is little debate over the proposition that where a narrow statutory remedy is given, the time and manner of asserting such right must be strictly followed, the question of whether strict compliance with the statute and, therefore, the ability of the trial court to obtain jurisdiction, required the petitioners to request that the trial court issue the show cause order remains. We conclude not.

First, the plain language of the statute simply does not impose upon the petitioners a duty to request such an order. Here is what the statute says:

> On presentation of a petition for a writ of certiorari, the court shall direct the board of zoning appeals, within twenty (20) days after the date of the petition, to show cause why a writ of certiorari should not issue. If the board fails to show to the satisfaction of the court that a writ should not issue, then the court may allow a writ of certiorari directed to the board.[11]

While other parts of the statute are specific in imposing upon the petitioners the requirements that the petition be verified, that its filing be limited to either the circuit or superior court in the county in which the premises are located, that it specify that a writ of certiorari to the Board of Zoning Appeals is sought, that it set forth the petitioners' allegation that the decision is illegal and the grounds of the illegality, and that it be filed by a certain date, this language does not explicitly require that a request for the order to show cause be included in the petition. Rather, it provides that upon the filing of a petition, the trial court shall issue the order.

Putting aside for the moment respondents argument on appeal that the failure of the trial court to issue the order to show cause was invited error on the part of the petitioners, we conclude that the failure of the petitioners to ask the trial court to issue the order to show cause did not deprive the trial court of jurisdiction to entertain the appeal. This point can, perhaps, be best illustrated by hypothesizing a slightly different set of facts. Suppose, as here, a hypothetical petition for a writ does not contain a request for the trial court to issue an order to show cause but the trial court reads the statute and, *sua sponte,* issues a show cause order. We do not think that it could be seriously maintained that the trial court would lack jurisdiction to issue such an order. After all, precisely what the statute requires would have occurred: On presentation of a petition for a writ of certiorari, the court would have directed the board of zoning appeals to show cause why a writ of certiorari should not issue.

What is determinative in our mind is that no language in the statute can be fairly read to impose an affirmative duty on the petitioner to request a show cause order. We are unwilling to find that the trial court failed to acquire jurisdiction when the petitioners did everything expressly required of them by the

541 N.E.2d 877, 879; *Indiana State Personnel Bd. v. Parkman* (1969), 252 Ind. 44, 49, 245 N.E.2d 153, 156; state employee work assignments, *State v. Van Ulzen* (1983), Ind.App., 456 N.E.2d 459, 464, *trans. denied;* professional licensing, *White v. Board of Medical Registration and Examination* (1956), 235 Ind. 572, 577, 134 N.E.2d 556, 560; *Gleason v. Real Estate Comm.* (1973), 157 Ind.App. 344, 300 N.E.2d 116; discrimination based on sex, *Indiana Civil Rights Comm. v. United Automobile, Aerospace and Agricultural Implement Workers of America* (1979), 179 Ind.App. 407, 410, 385 N.E.2d 1176, 1178, *trans. dismissed;* discrimination based on religion, *Indianapolis Yellow Cab v. Indiana Civil*

*Rights Comm.* (1991), Ind.App., 570 N.E.2d 940, 942, *trans. denied;* and groundwater withdrawal rights, *Prohosky v. Department of Natural Resources* (1992), Ind.App., 599 N.E.2d 611. *See generally,* Michael Donahue, "Judicial Review of Administrative Agency Decisions" in *Judicial Review of Administrative Agency Decisions* 37 (John Albrecht ed., 1992).

**10.** *See also Minton v. State* (1976), 169 Ind.App. 584, 587, 349 N.E.2d 741, 743 (collecting cases).

**11.** Ind.Code § 36–7–4–1006.

statute simply because the petitioners did not ask the trial court to perform a duty imposed not upon them but upon the trial court.

We do not find persuasive the authority cited for the proposition that the petitioners need to request a show cause order for the trial court to obtain jurisdiction. Most of the cases argued by the respondents seek to analogize this situation to those cases where there was a failure to file a verified petition (*e.g., Keil Chemical v. Common Council, supra*), a failure to give good notice (*e.g., Allen Co., Indiana, Bd. of Zoning Appeals v. Guiff, supra*), or a failure to comply with the time deadline (*e.g., Ballman v. Duffecy, supra*). We have already explained why we do not find this situation analogous to those.

The only two cases in which the subject of the show cause order requirement is raised are *Ballman v. Duffecy, supra,* and *Board of Zoning Appeals, City of Fort Wayne v. Shell Oil Co.* (1975), 164 Ind.App. 497, 329 N.E.2d 636, *trans. denied.* In *Ballman,* we held that there was a failure by the petitioner to meet the statutory requirement that the petition "be presented to the court within the thirty days prescribed by the statute, so that the order fixing the date to show cause and the time fixed for the return of the writ can be entered and the notice issued. This procedure is jurisdictional and mandatory" (citation omitted). *Id.,* 230 Ind. at 228, 102 N.E.2d at 649. In *Shell Oil,* the Court of Appeals rejected the board of zoning appeals claim that petitioner Shell had "failed to present the petition to the court and obtain a court order fixing the date to show cause within thirty days of the date of the decision of the Board of Zoning Appeals." *Id.,* 164 Ind.App. at 503, 329 N.E.2d at 640. We find that these opinions addressed a different question than the one before us in this case, that is, whether the respective causes were properly before the trial court so that it could issue the order to show cause, not whether the aggrieved party had properly presented the trial court with a request for an order to show cause.

### III

Respondents make a forceful argument that, irrespective of our view on the jurisdictional issue discussed *supra,* we should reject petitioners' appeal on grounds that petitioners "invited" the trial court's error. Respondents criticize petitioners in harsh terms, arguing that because the only reason the trial court did not issue the proper order was because petitioners failed to ask for it, petitioners should be estopped from raising any errors predicated on the failure of the trial court to issue the show cause order.

We acknowledge that it would have been far better practice for petitioners to have requested the trial court issue an order to show cause and, given that petitioners tendered a proposed form of writ to the trial court, to have tendered a proposed order to show cause as well. Indeed, we encourage all zoning lawyers to adopt such practices. But we are unwilling to dismiss this appeal on the basis of "invited error."

First, it is not completely clear to us that this is a case of invited error at all since petitioners' alleged sin is one of omission, not commission. That is, the petitioners took no action to "invite" error. Second, the appeal is predicated not so much on the failure to issue the show cause order—petitioners never disputed the existence of that requirement—but on the trial court's ruling on jurisdiction. And third, we are unwilling to ascribe to the respondents the degree of prejudice they claim due to the failure of the show cause order to issue.

When the trial court issued the writ without first providing the Board the opportunity to show cause why the writ should not issue, the Board had two options, neither of which—given our holding on the jurisdictional issue *supra*—was a motion to dismiss for lack of jurisdiction. Rather, the Board would have been entitled to have the writ quashed or stayed until it had the opportunity to attempt to persuade the trial court that the writ should not issue at all or the Board could have simply complied with the writ, waiving its right to show cause. As such, the trial court's error here imposed upon the respondents at most the additional burden of pointing out to the trial court that the show cause provisions of the statute had not been

followed. We find this burden a manageable one for a board of zoning appeals.

### Conclusion

We conclude that the trial court had jurisdiction to entertain the appeal. We remand this case to the trial court for the issuance of an order to show cause pursuant to Ind.Code § 36–7–4–1006 and further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER, DICKSON and SELBY, JJ., concur.