STATE EX REL. BD. OF ZONING APPEALS OF THE CITY OF
INDIANAPOLIS ET AL. *v.* SUPERIOR COURT OF MARION
COUNTY, ROOM NO. 2, WILBUR H. GRANT, JUDGE.

[No. 30,694. Filed March 4, 1965. Rehearing denied
April 7, 1965.]

*John P. Korbly,* of Indianapolis, for Board of Zoning
Appeals of the City of Indianapolis.

*Earl Clay Ulen, Jr., Michael R. Maine,* and *Baker
and Daniels,* of Indianapolis, for The Board of School
Commissioners of the City of Indianapolis.

*Hon. Wilbur H. Grant, pro se.*

*Arthur J. Sullivan, Lee M. LeMay,* and *Steers, Klee,
Jay & Sullivan,* of Indianapolis, for respondent.

ARTERBURN, C. J.—This is a case in which the
Board of School Commissioners of the City of In-
dianapolis asked for a writ of prohibition to prevent the
respondent court from entertaining a "Petition for a
Writ of Certiorari" which was filed in that court by
the Edgewood Villa Corporation to review a decision of
the Board of Zoning Appeals of the City of Indianap-
olis granting a variance permitting the use of certain

property on North Pennsylvania Street in the City of Indianapolis for parking purposes.

The petitioners, the school corporation, claimed that the respondent court lacked jurisdiction of the proceeding for a writ of certiorari by reason of the fact that the petition in that court was not verified as provided by statute. (See Burns' Ind. Stat. Anno. §53-974 [1964 Repl.])

It is argued that this statute is mandatory and jurisdictional, since this is a narrow statutory proceeding unknown at common law, and it must be strictly followed. The record shows that on September 30, 1964 the petitioners herein filed with the Superior Court a motion to dismiss the petition for writ of certiorari on the ground that the petition was not verified, and the court overruled the same.

The petitioners herein rely primarily upon the case of *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646. The *Ballman* case did not deal with the failure to verify the petition, but the failure to comply with other statutory requirements providing for a statutory review.

In *Gossard* v. *Vawter* (1939), 215 Ind. 581, 21 N. E. 2d 416, however, there was a failure to file a *verified* petition in an election contest within the prescribed ten days after Thursday next following the election. The petition filed being unverified, we held the court lacked jurisdiction to proceed on such a petition. Likewise, in *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268, we issued a permanent writ of prohibition against the Vanderburgh Circuit Court from exercising jurisdiction in an election contest petition which, although filed within the statutory period, had not been verified until after the expiration of such period. The case of *State ex rel. Mar. C. Pl. Comm.* v. *Mar. S. C. et al.* (1956), 235 Ind. 607, 135 N. E. 2d 516 sup-

ports the proposition that where a narrow statutory remedy is given, the time and manner of asserting such right must be strictly followed.

There is some conflict in the cases as to whether or not the verification may be added after the time limitation for filing a pleading, there being some intimation that if the party acts promptly, such defect may be remedied in these narrow statutory proceedings. However, here the record shows the motion to dismiss, based upon the defect of no verification, was filed on September 30, and it was not until November 25, 1964 that the petitioner tendered a verified amended petition for filing. There is no showing of a prompt attempt to remedy the defect when objections were raised on such point, nor is this a case where a party waived such defect by failure to object thereto promptly or was estopped by failure to make a prompt objection. The jurisdictional defects in a statutory case such as this are not the same as a case where there is a total lack of jurisdiction on the subject matter in the court or a failure to get jurisdiction of the parties. In the latter case the proceedings are a nullity. The objection by motion to dismiss in this case was timely filed.

The temporary writ heretofore issued is made permanent.

Myers, Landis and Achor, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 204 N. E. 2d 658.