STATE EX REL. GRIFFIN ET AL. *v.*
MARION SUPERIOR COURT, ROOM 1, ET AL.

[No. 30,816. Filed November 23, 1965.]

*Nola Allen* and *Richardson, Lewis & Allen,* of Indianapolis, for relators.

*John G. McNutt, Howard P. Hooper,* and *John P. Korbly,* of Indianapolis, for respondents.

ARTERBURN, J.—On the 12th day of March, 1965, Zion Tabernacle, Inc. received a variance from the Board of Zoning Appeals of the City of Indianapolis to non-conforming use on their property at 3302 North Arsenal, Indianapolis, Indiana. The relators, being aggrieved by the decision of the Board of Zoning Appeals, sought to have the same reviewed by the Marion Superior Court, Room 1, respondent herein. Under Burns' Ind. Stat. Anno. § 53-974 (1964 Repl.), such decisions may be presented for review by certiorari "within thirty days after the decision."

On March 26th, within the thirty-day period, the relators filed with the clerk of the respondent court what they denominated "Petition for Appeal from Grant of Variance by Board and Restraining Order." Summonses were issued in the usual form to the adverse parties. The respondents point out that in the proceedings attempted by the relators, the statute requires that "notice" be issued and served upon the adverse parties, which must set out certain specific facts.

Burns' Ind. Stat. Anno. § 53-975 (1964 Repl.) provides that such notice:

"... shall state that a petition for a writ of certiorari has been filed with the clerk of the circuit or superior court of the county, as the case may be, asking for a review of the decision of the board of zoning appeals, *designating the premises affected* and the date of the decision by the board of zoning appeals." (Our italics)

It is contended that no proper notice was given within the thirty-day period to the adverse parties in the proceedings filed in the respondent court. The necessary items of notice provided in the statute are namely:

1. A statement that a petition for a writ of certiorari had been filed to review the action of the board of zoning appeals.
2. A statement describing the premises affected.
3. A statement designating the date of the decision of the board of zoning appeals.

The adverse parties in the trial court made a motion to dismiss the proceedings on the ground that a proper writ of certiorari had not been filed within the time limitation of thirty days and notice, as required by the statute, was not given.

On June 22, 1965 (more than thirty days after the decision of the Board of Zoning Appeals) following the motion to dismiss, the relators asked leave of court to file an "Amended Petition for Writ of Certiorari," which was granted by the court. Thereupon an "Amended Petition for Writ of Certiorari" was filed and a notice in conformity with the statute was issued out of the sheriff's office and served upon the adverse parties. Thereupon, the defendants in the trial court, Zion Tabernacle, Inc., et al. moved the court to strike the amended petition from the record and that the action be dismissed. The court sustained the motion, and relators' proceedings in the respondent court were dismissed.

The relators ask us in this original action to mandate the trial court to reinstate the purported proceedings for a writ of certiorari to review the action of the Board of Zoning Appeals.

We have held that where the procedure is defined by special statute, the remedy and the procedure must conform strictly to the statute. The statute conferring the jurisdiction must be followed if a party desires to bring himself within the benefits of the statute.

In *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 96 N. E. 2d 268, we held that a petition for an election contest could not be amended after fifteen days, the period within which it was required to be filed, in order to supply allegations which would give the court jurisdiction. We further held in that case that a failure to notify certain opposing candidates in the proceeding within the statutory period fixed could not be remedied by notice given thereafter.

In *State* v. *Grant* (1965), 246 Ind. 317, 204 N. E. 2d 658, we held that a verification of a petition could not be supplied after the time limitation had expired within which the petition was required to be filed.

The petition filed on March 12th (for "Appeal") before it was amended by the relators, when examined, will be found to be essentially a petition or complaint for an injunction or restraining order and does not, in our opinion, conform with the requirements of Burns' Ind. Stat. Anno. § 53-974 (1964 Repl.) for a writ of certiorari.

However, there are other more compelling reasons in this case why we must deny the relators' request for the issuance of a writ of mandate against the trial court here. The record is clear that no notice in conformity with the statute was given in this case to the opposing parties in the trial court setting forth the statutory items required therein. *Ballman* v. *Duffecy* (1951), 230 Ind. 220, 102 N. E. 2d 646. Although a summons was issued here of the conventional type used in a civil action, it does not meet the requirements of the statute to give jurisdiction.

Moreover, Burns' Ind. Stat. Anno. § 53-783 (1964 Repl.) provides in part, after the filing of the petition:

"The petition shall be *presented* to the court within thirty [30] days after the date of the decision. . . ." (Our italics)

Likewise, Burns' Ind. Stat. Anno. § 53-974 (1964 Repl.) provides:

"The petition shall be *presented* to the court within thirty [30] days after the decision. . . ." (Our italics)

*Ballman* v. *Duffecy,* supra, states at p. 228:

"By reading the last three cited-sections of the statute together, the intent of the Legislature is clear. The sections are not conflicting. Appellants in the case at bar failed to present their petition to the court within the thirty days prescribed by the statute. The statutory procedure and requirements for the review of a decision of the board of zoning appeals were not complied with, and the court did not acquire jurisdiction of the parties and this particular case. This being a statutory proceeding, a strict compliance with the terms of the statute is required."

The petition filed on March 26th was presented to the court, but since it failed to comply with the statute and since no notice was given in accordance with the statute, it cannot be said that the petition for a writ of certiorari under the statute was presented within the time fixed. The trial court lacked jurisdiction.

For the reasons stated, the writ is denied.

Myers, C. J. and Jackson, J., concur. Achor, J., not participating.

NOTE.—Reported in 211 N. E. 2d 613.