## VACENDAK v. TOWN OF MUNSTER, INDIANA.

[No. 31,176. Filed July 1, 1968.]

*Albert C. Hand* and *William J. Moran,* of Hammond, for appellants.

*Eugene M. Feingold,* of Hammond, and *Wilson, Benne, Feingold and Donnersberger,* of counsel, of Hammond, for appellee.

LEWIS, C. J.—The appellant filed an appeal in the Superior Court of Lake County, Indiana, from an action and decision of the appellee in adopting a resolution confirming an award of damages and assessment of benefits with respect to a part of the appellant's real estate taken for the opening and laying out of a public street.

The appellee appeared specially and filed a Motion to Dismiss the appeal on the grounds that the Lake Superior Court lacked jurisdiction of the subject matter of the cause for the following reasons:

1. Appellants had failed to file their complaint on appeal within thirty (30) days from the date of the action and decision complained of; and that

2. Appellants had failed to comply with requirements concerning matters necessary to be alleged in the complaint on appeal.

The court sustained the Motion to Dismiss and this appeal is prosecuted from this ruling of the court. Burns' Indiana Statutes, Anno., (1963 Repl.), §§ 48-2005 and 48-2006, must be considered in an understanding of the subject matter of this appeal.

The time limit for filing an appeal to the circuit or superior court from the action of the city or town board is governed by Burns' Indiana Statutes, Anno., (1963 Repl.), § 48-4501 et seq., which set out in great detail the essential elements of the complaint to be filed in the court. These sections provide that such appeal must be filed within thirty (30) days from the date of the action or decision complained of. *Leach* v. *Evansville* (1937), 211 Ind. 444, 7 N. E. 2d 207.

Burns', § 48-4502, *supra,* provides, in part, as follows:

". . . Such city may file a . . . motion to dismiss the appeal on the ground that the complaint was not filed within the time allowed by law, or upon any other jurisdictional ground affecting the subject-matter or the parties."

The appellee contends that the appellants filed their complaint on appeal too late in the Lake Superior Court, and that the court did not acquire jurisdiction of the case. Appellee, to sustain its position contends that more than thirty (30) days from the date of the decision of the appellee-town had elapsed when the appellants filed their complaint on appeal. The decision of the Board of the Town of Munster was on October 3, 1966; the complaint on appeal was filed on November 3, 1966; and the appellee is correct in calculating that the intervening time was thirty-one (31) days.

The appellants failed in their complaint or in their amended complaint to state the date on which the Board of the Town of Munster acted. Burns', § 48-4501 (Second), *Supra,* requires that the specific date be pleaded.

The appellee attached to its Motion to Dismiss an affidavit of the Clerk-Treasurer of the Town of Munster indicating that the action complained of was taken on October 3, 1966. Appellants argue vigorously that this affidavit was a nullity; was not subject to cross-examination; and, therefore, should not have been considered by the court.

Suffice it to say that the affidavit was wholly unnecessary as a part of the Motion to Dismiss since the appellants had failed to comply with Burns', § 48-4501, *Supra*, by alleging the date on which the action complained of occurred.

A careful review of the complaint filed by the appellants and the amended complaint filed at the urging of the Trial Court discloses that the appellants wholly failed to meet the requirements of the statutes on appeal. The Indiana decisions have consistently and uniformly held that a failure to strictly comply with the specific requirements of a "special" statute such as the statute here involved, is jurisdictional. *State ex rel. Griffin* v. *Marion Superior Court* (1965), 247 Ind. 82, 7 Ind. Dec. 101, 211 N. E. 2d 613; *State ex rel. Bd. of Zoning Appeals* v. *Grant* (1965), 246 Ind. 312, 4 Ind. Dec. 636, 204 N. E. 2d 658; *Noblitt* v. *Metropolitan Plan Comm.* (1963), 136 Ind. App. 625, 190 N. E. 2d 664.

The appellants here failed to confer jurisdiction on the superior court of Lake County, Indiana, by failing to comply with the statutory provisions on appeal. The Motion to Dismiss filed by the appellee was the proper pleading to question the jurisdiction of the court over the subject matter of the alleged appeal. The court was correct in sustaining such Motion to Dismiss.

Judgment is affirmed.

Arterburn, Hunter and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 238 N. E. 2d 287.