**TOWN OF MERRILLVILLE, LAKE COUNTY, Indiana, Appellant–Defendant,**

v.

**John PETERS and Michael Hamady, Appellees–Plaintiffs.**

No. 56A03–9304–CV–00114.

Court of Appeals of Indiana, Third District.

Aug. 31, 1994.

Kathryn D. Schmidt, Burke, Murphy, Costanza & Cuppy, Merrillville, for appellant-defendant.

Nick J. Thiros, Cohen and Thiros, Merrillville, for appellee John Peters.

Martin H. Kinney, Merrillville, for appellee Michael Hamady.

HOFFMAN, Judge.

The Town of Merrillville appeals the decision of the Newton Circuit Court reversing disciplinary action taken against Police Officers John Peters and Michael Hamady by the Metropolitan Board of Police Commissioners of the Town of Merrillville.

The facts relevant to the appeal are summarized below. On February 21, 1990, Peters and Hamady were notified in writing by the Chief of Police of the Town of Merrillville that disciplinary charges were being brought against them as a result of incidents which occurred on February 20, 1990. A hearing was set for March 31, 1990. Prior to commencement of the hearing, the Board announced that the hearing would be conducted in an executive session, closed to the public. Peters and Hamady objected to the executive session and noted that the Open Door Law prohibited excluding the public.

At the conclusion of the hearing, counsel for the Board read into the record proposed findings of fact. Proposed findings were not solicited from Peters and Hamady. At the conclusion of closing arguments by Peters and Hamady, the Board adjourned to conduct deliberations. When the Board recon-

vened, termination of the officers was announced, effective April 2, 1990. The proposed findings of counsel for the Board were adopted in part. A Board member stated, "[t]hat constitutes the open hearing, public hearing of this hearing before the commissioners." On April 19, 1990, at the regularly scheduled Board meeting the fully transcribed minutes of the April 2, 1990 hearing were approved by the Board.

Peters and Hamady filed their complaint to review the decision of the Board, on April 20, 1990. The complaint was unverified. On May 4, 1990, Merrillville on behalf of the Board requested and received a 45–day extension of time to file the transcript of the proceedings. Also, Merrillville moved to dismiss the complaint on the basis of the officers' failure to verify their complaint. On May 9, 1990, Peters and Hamady filed a motion for leave to file an amended complaint which was verified.

On December 18, 1992, the court issued its findings of fact and conclusions of law, together with a memorandum in support of the findings and conclusions. The court determined that the failure by Peters and Hamady to verify their complaint initially did not result in a fatal error, that Peters and Hamady were entitled to a public hearing, and that Peters and Hamady were denied procedural due process, all requiring reversal and vacation of the Board's action. This appeal ensued.

As consolidated Merrillville, acting on behalf of the Board, raises three issues for review:

(1) whether the trial court erred in denying Merrillville's motion to dismiss based upon Peters' and Hamady's failure to verify the original complaint;

(2) whether the trial court erred in determining that the Board erred in holding an executive session regarding the disciplinary action to be taken against Peters and Hamady; and

(3) whether the trial court erred by determining the cause on the merits.

■ First, Merrillville contends that the trial court erred in failing to dismiss the officers' action based upon their failure to verify their initial complaint. Further, Merrillville urges that the verified amended complaint was not timely filed.

The statutory provision which contains the procedural safeguards for disciplining officers, requires *inter alia* that:

"(e) The reasons for the suspension, demotion, or dismissal of a member of the police ... department shall be entered as specific findings of fact upon the records of the safety board. A member who is ... dismissed may appeal the decision to the circuit or superior court of the county in which the unit is located....

(f) An appeal under subsection (e) must be taken by filing in court, within thirty (30) days after the date the decision is rendered, a verified complaint stating in concise manner the general nature of the charges against the member, the decision of the safety board, and a demand for the relief asserted by the member...."

IND.CODE §§ 36–8–3–4(e) and (f) (1989 Supp.).

Merrillville urges that the oral minutes of the Board meeting of April 2, 1990, constituted specific findings of fact upon the records of the safety board. The Board approved the fully transcribed minutes of the April 2, 1990 meeting on April 19, 1990. Notwithstanding the action on April 19, Merrillville urges that the date from which the officers' rights of review should commence is April 2, 1990. Thus, according to Merrillville, the officers' failure to verify the original complaint filed on April 20, requires dismissal of the complaint inasmuch as the verified amended complaint was filed more than 30 days after the date the decision was rendered.

The minutes of the April 2, 1990 meeting were expanded and spread of record at the April 19, 1990 meeting. Consequently, the Board did not fulfill the requirement of "specific findings of fact upon the records of the safety board" until April 19, 1990. Accordingly, the verified amended complaint was timely filed.

Additionally, even if the minutes of the April 2, 1990 meeting were sufficient to comply with the requirement of specific findings

on the record, our supreme court in *State ex rel. Bd. Zon. Appeals v. Sup. Ct. Mar. Co.* (1965), 246 Ind. 317, 319, 204 N.E.2d 658, 659, has addressed the circumstance of a prompt amendment to supply a verification after the statutory period for filing a verified pleading. The court stated:

> "There is some conflict in the cases as to whether or not the verification may be added after the time limitation for filing a pleading, there being some intimation that if the party acts promptly, such defect may be remedied in these narrow statutory proceedings [where a right to appeal is statutorily granted]. However, here the record shows the motion to dismiss, based upon the defect of no verification, was filed on September 30, and it was not until November 25, 1964 that the petitioner tendered a verified amended petition for filing. There is no showing of a prompt attempt to remedy the defect when objections were raised on such point, nor is this a case where a party waived such defect by failure to object thereto promptly or was estopped by failure to make a prompt objection."

*Id.* In the present case, Merrillville filed its motion to dismiss for lack of verification on May 4, 1990. The officers promptly tendered a verified amended complaint on May 9, 1990.

Although Merrillville challenges other components of the trial court's findings relating to the timeliness of the verification, the arguments need not be addressed inasmuch as they do not affect the efficacy of the court's decision or are obviated by the discussion above. Consequently, the trial court did not abuse its discretion in considering the appeal.

Next, Merrillville contends that the trial court erred in determining that the Board improperly held the officers' hearing in executive session. In *Merit Bd. v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 235, the court determined that the public safety review board hearing disciplinary charges against Marion County sheriff deputies was required to hear evidence and take its final action in an open, public hearing in accordance with the statute governing merit board disciplinary proceedings, IND.CODE § 36–8–10–11(a). The court construed the executive sessions allowed by the Open Door Law, IND.CODE § 5–14–1.5–6(b)(5)(A), as not violative of the "public hearing" requirements of IND.CODE § 36–8–10–11(a) when the sessions are reserved for deliberations to evaluate evidence. However, executive sessions are not for the receipt of evidence. *Id.* at 237–238.

In *Doperalski v. City of Michigan City* (1993), Ind.App., 619 N.E.2d 584, 586, this Court observed that the requirement for public hearings was equally applicable to disciplinary actions pursuant to IND.CODE § 36–8–3–4 (1989 Supp.), which is the provision construed herein. This Court in *Doperalski* noted that the decisions rendered under the predecessor statute, IND.CODE § 18–1–11–3, acknowledged the necessity for *open* hearings. Thus, the trial court in the present case correctly determined that the Board acted improperly when it gathered evidence in an executive session and only announced its decision in a public meeting.

Finally, Merrillville complains that the trial court entered an order on the merits after a hearing on only procedural matters. Merrillville acknowledges that the facts pertinent to review and to a decision appear in the record. Here, the trial court's decision and our review are based solely upon the law as applied to the undisputed facts. There is no basis for error.

The judgment of the trial court reversing the Board's action is affirmed.

Affirmed.

GARRARD and KIRSCH, JJ., concur.