**TOWN OF MERRILLVILLE, LAKE COUNTY, Indiana, Defendant–Appellant,**

v.

**John PETERS and Michael Hamady, Plaintiffs–Appellees.**

No. 56S03–9509–CV–1064.

Supreme Court of Indiana.

Sept. 18, 1995.

---

1. The respondent received a 60-day suspension with automatic reinstatement. *Matter of Kern* (1990), Ind., 555 N.E.2d 479.

Kathryn D. Schmidt, Fred M. Cuppy, Burke, Murphy, Costanza & Cuppy, Merrillville, for appellant.

Martin H. Kinney, Merrillville, for appellees.

On Petition To Transfer

DICKSON, Justice.

This appeal arises following the decision of the Metropolitan Board of Police Commissioners of the Town of Merrillville ("the Board") to terminate the employment of police officers John Peters and Michael Hamady ("the Officers"). Upon the Officers' Petition for Review of Findings, the trial court reversed the Board, finding its hearing conducted in executive session to be invalid. The Court of Appeals affirmed. *Town of Merrillville v. Peters* (1994), Ind.App., 639 N.E.2d 1036. We grant transfer and reverse the trial court.

Following an incident involving the Officers on February 20, 1990, the Merrillville Chief of Police filed formal charges against each of them. The Board held a hearing on the charges in executive session from March 31, 1990, through April 2, 1990, despite the Officers' requests for an open session. During closing statement, counsel for the Board submitted thirty-one proposed factual findings. The Officers' attorneys did not submit proposed findings but responded verbally to those submitted by opposing counsel. At the end of the hearing, the Board adjourned to conduct deliberations and then reconvened and terminated the Officers' employment as of April 2, 1990, announcing that it adopted the first eighteen of the proposed findings. The Officers initiated review proceedings, and the trial court vacated the decision of the Board, finding that the Board's hearing "conducted in executive session" was "fatally defective and the decision of the Board was invalid." Record at 955. The trial court reasoned that the hearing authorized under the police disciplinary statute, Indiana Code § 36–8–3–4(b), requires a public hearing notwithstanding the Open Door Law's authorization of executive sessions "to receive information concerning the individual's alleged misconduct." *See* Ind.Code § 5–14–1.5–6(b)(5)(A)–(B) (1990).

The Town of Merrillville appealed, raising various issues, at least one of which we find to be determinative: whether the hearing was required to be open under the Indiana Open Door Law.

In affirming the trial court, the Court of Appeals relied upon *Doperalski v. City of Michigan City* (1993), Ind.App., 619 N.E.2d 584, and *Marion County Sheriff's Merit Bd. v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 235. The statutory proceedings in the present case and in *Doperalski*, however, must be distinguished from that in *Peoples Broadcasting*—a county sheriff's merit board disciplinary action governed by Indiana Code § 36–8–10–11, which explicitly requires "a fair *public* hearing." *See* Ind. Code § 36–8–10–11(a) (1990) (emphasis added). On the other hand, the statute applicable to the disciplinary proceedings of the Merrillville Metropolitan Board of Police Commissioners is Indiana Code § 36–8–3–4(c), which provides in relevant part:

> Before a member of a police or fire department may be ... dismissed, the safety board shall offer the member an opportunity for *a hearing,* if demanded. Written notice shall be given.... The notice must state:
>
> (1) The time and place of the hearing;
>
> (2) The charges against the member;
>
> (3) The specific conduct that comprises the charges;
>
> (4) That the member is entitled to be represented by counsel;
>
> (5) That the member is entitled to call and cross-examine witnesses;

(6) That the member is entitled to require the production of evidence; and (7) That the member is entitled to have subpoenas issued, served, and executed in the county where the unit is located.

Ind.Code § 36–8–3–4(c) (1990) (emphasis added). Unlike the statute construed in *Peoples Broadcasting,* nowhere does this statute give the police department member the right for the hearing to be a public one. We presume that the legislature intentionally used the word "public" in Section 36–8–10–11(a) and intentionally used the word "hearing" alone (unmodified by "public" or any other term) in Section 36–8–3–4(c). *See Burks v. Bolerjack* (1981), Ind., 427 N.E.2d 887, 890. Had the legislature intended the term "hearing" in the latter statute to mean "public hearing," it would have expressed that intent clearly. *See id.*

Without such a requirement for the hearing to be public, the only law controlling this question is the "executive sessions" provision of the Open Door Law, under which it is permissible for the Board to conduct its disciplinary hearings in executive session. *Peoples Broadcasting,* 547 N.E.2d at 237. This provision expressly authorizes executive sessions to be held "[w]ith respect to any individual over whom the governing body has jurisdiction: (A) [t]o receive information concerning the individual's alleged misconduct; and (B) [t]o discuss, prior to any determination, that individual's status as an employee. . . ." Ind.Code § 5–14–1.5–6(b)(5) (1990).

■ Because *Doperalski,* like the present matter, concerned Indiana Code § 36–8–3–4, which requires only a "hearing," not a "public hearing," we believe that it incorrectly applied *Peoples Broadcasting,* and we decline to follow it here. While we agree with the Court of Appeals's statement that "procedural due process requires a full, fair hearing," *Doperalski,* 619 N.E.2d at 586, an administrative hearing need not be public to be full and fair. The Officers do not argue that they received improper notice or inadequate preparation time. They were represented by counsel, who gave opening and closing arguments; presented evidence, including exhibits and witness testimony; and cross-examined opposing witnesses. Their hearing in executive session did not offend the federal Constitution's due process clause. *See Goldberg v. Kelly* (1970), 397 U.S. 254, 267–68, 90 S.Ct. 1011, 1020, 25 L.E.2d 287, 299.

We grant transfer, vacate the opinion of the Court of Appeals, reverse the trial court, and reinstate the decision of the Metropolitan Board of Police Commissioners of the Town of Merrillville.

SHEPARD, C.J., and DeBRULER, SULLIVAN, and SELBY, JJ., concur.