Keith M. Wallace, Wright, Evans & Daly, Evansville, for Appellant.

D. Timothy Born, Lacey, Terrell, Annakin, Heldt & Baugh, P. Michael Mitchell, Mitchell, Staser & Shaw, Evansville, for Appellee.

**James CHANDLER, Appellant–Plaintiff,**

v.

**BOARD OF ZONING APPEALS, OF EVANSVILLE AND VANDERBURGH COUNTY, Indiana, Appellee–Defendant.**

No. 82S01–9510–CV–1142.

Supreme Court of Indiana.

Nov. 29, 1995.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

On the authority of our recent opinion, *Shipshewana Convenience Corporation v. Board of Zoning Appeals of LaGrange County, Indiana* (1995), Ind., 656 N.E.2d 812, we reverse the trial court's judgment dismissing James Chandler's verified petition for writ of certiorari from a decision of the Board of Zoning Appeals of Evansville and Vanderburgh County.[1]

### I

In *Shipshewana Convenience Corp.*, a party aggrieved by the decision of the local Board of Zoning Appeals (BZA) filed its verified petition for writ of certiorari and served notice as required by statute. Included in the materials petitioner sent to the clerk was a proposed "Order for Writ of Certiorari" for the court's signature. The order, if and when signed by a judge, directed the BZA to prepare various documents and transcripts

---

1. We note that both the Court of Appeals, in its opinion dated May 26, 1995, and the parties in their briefs on transfer cite the Court of Appeals decision in *Shipshewana Convenience Corp.*, as good law. In fact, we granted transfer in *Ship-* *shewana Convenience Corp.* by order dated March 3, 1995, and, pursuant to Ind.Appellate Rule 11(B)(3), the opinion of the Court of Appeals in *Shipshewana Convenience Corp.* was vacated as of that date.

and to file them with the court. Three days after filing of the petition, the trial judge signed the submitted order and filled in the blanks requiring return by June 30. However, the trial court did not follow the procedure set out in Indiana Code § 36–7–4–1006 requiring that a "show cause" order precede the issuance of the writ.[2] The BZA responded with a motion to dismiss the case, arguing that Shipshewana had failed to comply with the procedural requirements set forth in the statute. The trial court agreed, and dismissed the case for want of subject matter jurisdiction. The Court of Appeals affirmed, noting the general rule that compliance with statutory requirements for judicial review is a condition precedent to jurisdiction.

In our opinion reversing the trial court, we re-emphasized the important principle of administrative law that where there is a failure to comply strictly with the jurisdictional requirements embodied in the statute providing for judicial review of the decisions of a Board of Zoning Appeals, a trial court does not acquire jurisdiction of the parties or the particular case. *Shipshewana Convenience Corp.*, 656 N.E.2d at 813 (quoting *State ex rel. State Board of Zoning Appeals of the City of Indianapolis v. Grant* (1965), 246 Ind. 317, 318, 204 N.E.2d 658, 659, and *Ballman v. Duffecy* (1952), 230 Ind. 220, 229, 102 N.E.2d 646, 650). We also observed that it would have been far better practice for petitioners to request the trial court to issue an order to show cause and to have tendered a proposed order to show cause as well and encouraged all zoning lawyers to adopt such practices. *Id.*, 656 N.E.2d at 815–16. Those points having been made, however, what was ultimately determinative to us was that no language in the statute can fairly be read to impose an affirmative duty on the petitioner to request an order to show cause. We were unwilling to find that the trial court failed to acquire jurisdiction when the petitioners did everything expressly required of them by the statute simply because the petitioners did not ask the trial court to perform a duty imposed not upon them but upon the trial court. *Id.*, 656 N.E.2d at 815.

## II

In the case before us today, Chandler filed a petition for a writ of certiorari which properly identified the parties and the nature of the claim. Unlike *Shipshewana Convenience Corp.*, where the trial court bypassed the step wherein it is supposed to issue a show cause order, and simply issued the writ, in this case the trial judge did not act before the twenty-day period lapsed. Apparently the trial judge failed to act because he expected Chandler to prepare a "show cause" order; Chandler expected the court to prepare the order. At the prompting of the trial judge, Chandler did prepare such an order and it was served. However, by the time the trial judge called Chandler the twenty-day period had lapsed. Motions to dismiss were filed arguing that, "upon presentation of the Petition for Writ of Certiorari, the Petitioner did not provide the Court with an Order to the BZA to show cause [why] a Writ of Certiorari should not issue within twenty days after the date of the petition. IC 36–7–4–1006." The motion was granted and the Court of Appeals affirmed.

On transfer, Chandler argues, as did the petitioner in *Shipshewana Convenience Corp.*, that the statute in question does not impose any duty upon the petitioner to act; the duty is upon the trial court. While reaffirming our commitment that strict compliance with jurisdictional requirements embodied in the statute are required for a trial court to acquire jurisdiction and our admonition to zoning lawyers to request the issuance of show cause orders, we nevertheless agree that the failure of the petitioner to request an order to show cause did not deprive the trial court of jurisdiction.

2. The statute at issue in *Shipshewana Convenience Corp.* (and this case) reads as follows:

On presentation of a petition for a writ of certiorari, the court shall direct the Board of Zoning Appeals, within twenty days after the date of the petition, to show cause why a writ of certiorari should not issue. If the Board fails to show to the satisfaction of the court that a writ should not issue then the court may issue a writ of certiorari directed to the Board. The writ must prescribe the time in which a return shall be made to it. This time must not be less than ten days from the date of issuance of the writ, and the court may extend the time.
Indiana Code § 36–7–4–1006.

### Conclusion

We conclude that the trial court had jurisdiction to entertain the appeal. We remand this case to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER, DICKSON and SELBY, JJ., concur.