Charles W. PHILLIPS and Patricia Phillips, Ronald Flick, Mary Flick, Frederick J. Kelley, Marla Kelley, Georgia Gross, Rene' Kalkbrenner, Cheryl Kalkbrenner, Roger Colglazier and Mary Colglazier, Appellants–Petitioners,

v.

BOARD OF ZONING APPEALS FOR the CITY OF NEW ALBANY, J & S Builders, Inc., and Marcia M. Heilman, Appellees–Respondents.

No. 22A01–9509–CV–305.

Court of Appeals of Indiana.

Feb. 29, 1996.

John A. Kraft, Young, Lind, Endres & Kraft, New Albany, for Appellants.

Robert A. Kelso, New Albany, for Appellees.

## OPINION

BAKER, Judge.

The appellants-petitioners Charles W. and Patricia Phillips, Ronald and Mary J. Flick, Frederick J. and Marla Kelly, Georgia Gross, Rene' and Cheryl L. Kalkbrenner, and Roger and Mary Colglazier (collectively Phillips) challenge the trial court's judgment in their action against appellees-respondents Board of Zoning Appeals for the City of New Albany (BZA), J & S Builders, Inc., and Marcia Heilman. Specifically, Phillips contest the denial of their petition for writ of certiorari seeking judicial review of a decision of the

BZA and the grant of J & S's motion to dismiss for lack of jurisdiction.

## FACTS

Phillips are homeowners in Floyd County, Indiana. On September 6, 1994, the BZA granted J & S a special exception permit to construct an apartment/commercial development on property owned by Heilman which was located in Phillips' neighborhood. Phillips were opposed to the development and on October 5, 1994, filed a petition for writ of certiorari against the BZA, J & S and Heilman in the Floyd Circuit Court seeking judicial review of the BZA's decision granting the special exception permit to J & S. Along with the petition, Phillips filed a motion, pursuant to Ind.Trial Rule 76, for a change of venue from the judge. The petition for writ of certiorari, T.R. 76 motion and summons were served via certified mail upon J & S on October 7, 1994, and on the BZA and Heilman on October 8, 1994.

On November 7, 1994, J & S entered an appearance and filed a motion to dismiss for lack of jurisdiction alleging that Phillips failed to comply with the requirements of IND.CODE § 36-7-4-1006 in that the BZA was never directed to show cause why a writ of certiorari should not be issued and that Phillips had not complied with the notice provisions of IND.CODE § 36-7-4-1005(a). Thereafter, on November 20, 1994, Special Judge Donahue was qualified and assumed jurisdiction over the case. Subsequently, on February 3, 1995, the court held a hearing on Phillips' petition for writ of certiorari and on J & S's motion to dismiss. The BZA, however, did not attend the hearing and thus, failed to show cause why a writ should not be issued. As a result, prior to the trial court's ruling on the original petition for writ of

certiorari, Phillips filed, via certified mail, a renewed petition for writ of certiorari based upon the BZA's failure to appear at the hearing.

On March 22, 1995, the trial court denied Phillips' petition for writ of certiorari and granted J & S's motion to dismiss for lack of jurisdiction. Subsequently, on March 24, 1995, Phillips filed a motion for reconsideration and a motion to correct errors, which the trial court denied on June 14, 1995.[1] Phillips now appeals the trial court's grant of J & S's motion to dismiss and the denial of their petition for writ of certiorari against the BZA.

## DISCUSSION AND DECISION

■ First, we address Phillips claim that the trial court erred in granting J & S's motion to dismiss for lack of jurisdiction. It appears that the trial court based its decision to grant J & S's motion to dismiss on this court's previous decision in *Shipshewana Convenience Corp. v. Bd. of Zoning Appeals of LaGrange County, Indiana*, 644 N.E.2d 581 (Ind.Ct.App.1994). In that case, we held that, pursuant to I.C. § 36-7-4-1006,[2] when a petitioner fails to request the trial court to issue a show cause order, he or she has not complied with the statutory requirements for judicial review and thus, the trial court has no jurisdiction over the case. *Id.* However, that decision in *Shipshewana* was later overruled by the Supreme Court in *Shipshewana Convenience Corp. v. Bd. of Zoning Appeals of LaGrange County, Indiana*, 656 N.E.2d 812 (Ind.1995). In vacating our prior decision, the Supreme Court held that the trial court, and not the petitioner, has the responsibility to issue a show cause order to the BZA and thus, the petitioner's failure to request such an order does not divest the trial

1. We do not agree with J & S's assertion that the praecipe, filed on June 28, 1995, was untimely. Despite J & S's claim that the court denied the motions on May 25, 1995, the Chronological Case Summary, as well as the judge's handwritten notation on his order, show that the court's denial of the motions was entered on June 14, 1995. Thus, Phillips' praecipe was timely filed.

2. I.C. § 36-7-4-1006 provides:
On presentation of a petition for a writ of certiorari, the court shall direct the board of zoning

appeals, within twenty (20) days after the date of the petition, to show cause why a writ of certiorari should not issue. If the board fails to show to the satisfaction of the court that a writ should not issue, then the court may allow a writ of certiorari directed to the board. The writ must prescribe the time in which a return shall be made to it. This time must not be less than ten days from the date of issuance of the writ, and the court may extend the time.

court of jurisdiction. *Id.* at 814. In applying the mandate of our supreme court to the facts of this case, we hold that Phillips was not required to request that the trial court issue an order to show cause to the BZA and, as a result, the trial court was not divested of jurisdiction. Therefore, the trial court erred in granting J & S's motion to dismiss for lack of jurisdiction.[3]

■ Nonetheless, J & S argues that the trial court's grant of its motion to dismiss for lack of jurisdiction was proper on other grounds. Specifically, it claims that although Phillips filed the petition for writ of certiorari with the clerk of the trial court, they failed to comply with the statutory requirement of I.C. § 36–7–4–1006 that the petitioner also present the petition to the trial court. However, in *Chandler v. Bd. of Zoning Appeals of Evansville and Vanderburgh County, Indiana*, 658 N.E.2d 80 (Ind.1995), the petitioner filed the petition for a writ of certiorari with the clerk of the court and did not thereafter present the petition to the trial court. Rather, the clerk presented the petition to the trial judge who signed the order, yet failed to issue an order for the BZA to show cause why a writ should not issue. The Supreme Court held that the petitioners had done everything expressly required of them by statute to vest jurisdiction in the trial court. *Id.* at 81. In the present case, Phillips filed the petition for a writ of certiorari with the clerk of the court. Subsequently, the clerk delivered the entire file of the case to the trial judge so that he could rule on Phillips' motion for change of venue from the judge. Included in that file was Phillips' petition for writ of certiorari. Pursuant to *Chandler*, we find that Phillips sufficiently complied with the statutory requirements for the trial court to acquire jurisdiction. Accordingly, we are compelled to reverse and remand this case with instructions for the trial court to issue a show cause order to the BZA.[4]

■ Nevertheless, J & S's suggests that the trial court properly granted its motion to dismiss for lack of jurisdiction because Phillips failed to comply with the notice requirement of I.C. § 36–7–4–1005(a). I.C. § 36–7–4–1005(a) provides in pertinent part:

> On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the appeal in the office of the board of zoning appeals.

Specifically, J & S claims that Phillips failed to issue proper notice and have it served by the sheriff, and instead improperly sent copies of their petitions and summons via certified mail. J & S is correct that the notice requirement of I.C. § 36–7–4–1005(a) is jurisdictional and mandatory. *Allen County, Indiana, Bd. of Zoning Appeals v. Guiff*, 552 N.E.2d 519, 522 (Ind.Ct.App.1990). However, Ind.Trial Rule 5 provides that written notice may be served by certified mail. Further, Ind.Trial Rule 1 provides that the trial rules govern the procedure and practice in all civil suits in Indiana. Therefore, the trial rules take precedence, and conflicting statutes shall have no force or effect. *Yang v. Stafford*, 515 N.E.2d 1157, 1160 (Ind.Ct.App. 1987), *trans. denied.* As a result, we find that although I.C. § 36–7–4–1005(a) requires a particular manner for serving written no-

---

3. Phillips also contest the trial court's denial of their petition for writ of certiorari because the BZA failed to appear at any of the proceedings and thus, did not show cause why a writ should not issue as required by IND.CODE § 36–7–4–1006. However, the BZA was never directed by the trial court to show cause why a writ should not issue and for this reason we are remanding this case with instructions for the court to issue a show cause order to the BZA. Therefore, we need not address this issue nor Phillips' contentions regarding the tolling of the twenty day time period in which the BZA must show cause why a writ should not issue.

4. Although we are remanding this case for the trial court to issue a show cause order, we find it necessary to reiterate, as noted by the Supreme Court in *Shipshewana*, that the better practice in these circumstances is for petitioner's counsel to request that the trial court issue a show cause order. *Id.* at 815. Further, such a request should be made before petitioner's counsel files a motion for a change of venue from the judge. We recognize, however, that in the present case a judge had not yet been appointed at the time Phillips' counsel should have requested a show cause order. Therefore, such an order could not have been requested until Judge Donahue was qualified to hear the case.

tice, according to the trial rules of procedure, service via certified mail is also an acceptable manner of providing written notice. Accordingly, Phillips' use of certified mail to provide J & S with notice of the proceedings did not divest the trial court of jurisdiction and did not support the trial court's decision to grant J & S's motion to dismiss for lack of jurisdiction.[5]

Judgment reversed and remanded for proceedings not inconsistent with this opinion.

NAJAM and RUCKER, JJ., concur.

---

**5.** Because by reversing the trial court's decision we are finding in favor of Phillips, we decline J & S's request for attorney fees and costs.