## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 14 2018, 9:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dale W. Arnett
Winchester, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael T. Paille, <br> *Appellant-Defendant,* <br><br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 14, 2018 <br><br> Court of Appeals Case No. <br> 38A02-1710-CR-2349 <br><br> Appeal from the Jay Superior Court <br><br> The Honorable Max C. Ludy, Judge <br><br> Trial Court Cause No. <br> 38D01-1609-F5-3 |

**May, Judge.**

[1] Michael T. Paille appeals his conviction of Level 5 felony operating a motor vehicle while privileges are forfeited for life.[1] Paille argues the trial court improperly declined to allow him to testify regarding an alleged mistake of fact.[2] We affirm.

# Facts and Procedural History[3]

[2] On August 31, 2016, Redkey Deputy Marshal Monte Shrack initiated a traffic stop after he observed a vehicle without taillights. As he approached the vehicle, Paille exited it. On request to produce his driver's license, Paille instead provided his Indiana identification card. Dispatch informed Deputy Shrack that Paille's driving privileges had been suspended for life. Deputy Shrack arrested Paille.

[3] The State charged Paille with Level 5 felony operating a motor vehicle while privileges are forfeited for life. Paille's license had been suspended for life as a habitual traffic violator since 2005. On July 27, 2017, the trial court held a jury trial.

---

[1] Ind. Code § 9-30-10-17.

[2] Paille was also convicted of Class A misdemeanor operating with a blood alcohol level over .15, but he does not appeal that conviction; therefore, we include only the facts relevant to the appealed conviction.

[3] Indiana Appellate Rule 46(A)(6) requires parties on appeal to provide a statement of facts that includes those "facts relevant to the issues presented for review" and that is "in narrative form." Paille's statement of facts consists of a list of one-sentence paragraphs that do not inform us of the relevant facts of the case. Additionally, Paille included a portion of the transcript in his appendix. (*See* App. Vol. II at 9-19 (reproduced portion of transcript pertaining to Paille's offer of proof).) Appellate Rule 50(F) states "parties should not reproduce any portion of the Transcript in the Appendix."

[4] Paille testified on his own behalf and admitted that he knew his license had been suspended for life, that he had received notification from the Bureau of Motor Vehicles ("BMV") to that effect, and that he had been driving on August 31, 2016. Paille then attempted to testify as to an alleged mistake in fact regarding his belief that his license was reinstated. The State objected. Paille requested to make an offer of proof. After the jury left the room, Paille testified he had contacted an attorney[4] to procure a specialized driving privileges license. Paille said he had signed three papers, one of which was green because "[i]t goes to the DMV [sic]." (Tr. Vol. 2 at 44.) Paille stated the attorney had told him to "give it a couple of days to let the DMV get it to see what they wanted to rebuttal." (*Id*. (errors in original).) Paille testified he had been told he was required to keep the papers he signed in the vehicle with him.

[5] The State maintained its objection, arguing Paille's subjective belief was irrelevant because Level 5 felony operating a motor vehicle while privileges are forfeited for life is a crime of strict liability, *i.e.*, one for which the State is not required to provide proof of intent. The trial court sustained the objection and did not allow Paille to testify as to his subjective belief he had sufficient paperwork to allow him to drive. The trial court explained that while Paille may have seen an attorney and signed paperwork, without an order from a court or a notification from the BMV, Paille's subjective belief he had a valid

---

[4] Paille did not provide the name of the attorney. Nor did he produce the alleged paperwork at trial.

license would only "confuse" the jury.  (*Id*. at 47.)  After further argument, the trial court told defense counsel:

> You are not going to confuse the jury by trying to tell them that this man has some kind of document that he was going to show the police officer if it doesn't exist.  . . . If you cannot present that order, you are not going to get that in front of the jury.

(*Id*. at 47-48.)

[6]     The jury found Paille guilty.  The trial court sentenced Paille to four years at the Department of Correction.

# Discussion and Decision

[7]     We typically review allegations of error in the admission of evidence for an abuse of discretion, which occurs only when the trial court's ruling is "clearly against the logic, facts, and circumstances presented."  *Kindred v. State,* 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012), *trans. denied.*  We consider only the evidence in favor of the trial court's ruling, *Sallee v. State,* 777 N.E.2d 1204, 1210 (Ind. Ct. App. 2002), *trans. denied,* and we will not reverse the decision to admit or exclude evidence if that decision is sustainable on any ground. *Crawford v. State,* 770 N.E.2d 775, 780 (Ind. 2002).

[8]     Paille argues the trial court abused its discretion when it excluded evidence of his subjective belief that he was allowed to drive pursuant to a specialized

driving privileges license.[5] Paille claims he was presenting a defense of mistake of fact.

[9] Once a defense of mistake of fact is raised, the defendant must "satisfy three elements: (1) that the mistake be honest and reasonable; (2) that the mistake be about a matter of fact; and (3) that the mistake negate the culpability required to commit the crime." *Chavers v. State,* 991 N.E.2d 148, 151 (Ind. Ct. App. 2013) (internal citations and quotations omitted), *trans. denied.* The State can meet its "burden [to prove every element beyond a reasonable doubt] with respect to the mistake-of-fact defense in several ways, including (1) directly rebutting the defendant's evidence, (2) affirmatively showing that the defendant made no such mistake, or (3) relying upon evidence from its case-in-chief." *Johnson v. State*, 38 N.E.3d 686, 692 (Ind. Ct. App. 2015).

[10] Level 5 felony operating a motor vehicle while privileges are forfeited for life occurs when a person "operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter[.]" Ind. Code § 9-30-10-17. Section 16 of that chapter provides it is a Level 6 felony to "operate a motor vehicle [] when the person's driving privileges are validly suspended[.]" Ind. Code § 9-30-10-16. Notice of such a suspension, "in compliance with

---

[5] Paille's sparse argument relies, in part, on *Cooper v. State*, 894 N.E.2d 993 (Ind. Ct. App. 2008), *trans. granted,* 915 N.E.2d 985 (Ind. 2009), *and opinion vacated*, 917 N.E.2d 667 (Ind. 2009). As this full citation explains, our Indiana Supreme Court vacated the Court of Appeal's decision in *Cooper*, which means that case is not available as precedent. *See Chandler v. Bd. of Zoning Appeals of Evansville & Vanderburg Cty.*, 658 N.E.2d 80, 80 n.1 (Ind. 1995) (noting a vacated case is no longer good law).

section 5 of this chapter [or] by first class mail . . . establishes a rebuttable presumption" of knowledge. *Id.* Section 5 of that chapter states that if a person is a habitual offender and has at least two other violations, the suspension is for life. Ind. Code § 9-30-10-5.

[11] When attempting to raise the defense of mistake of fact, the defendant must show the mistake would negate the culpability required to prove the commission of the offense. *Chavers,* 991 N.E.2d at 151. However, here, the statute does not require a defendant to have knowledge of the forfeiture of his or her license; therefore, knowledge is not required to establish culpability. *See Brock v. State*, 955 N.E.2d 195, 205 (Ind. 2011) (proof of knowledge is not necessary to establish culpability under I.C. 9-30-10-17); *see also* Ind. Code § 35-41-3-7 ("It is a defense that the person who engaged in the prohibited conduct was reasonably mistaken about a matter of fact, if the mistake negates the culpability required for commission of the offense."). Therefore, Paille's arguments that he believed his license to have been reinstated by his visit to an attorney are unavailing. His license was still suspended under Indiana Code section 9-30-10-16, Paille was driving with it suspended, and Paille presented no objective evidence to the contrary, such as an order signed by a court or a document from the BMV stating his license was reinstated.

[12] The trial court explained that without documentation from an authority, such as a trial court or the BMV, Paille's belief he had permission to drive was "foolish[.]" (Tr. Vol. 2 at 46.) The trial court analogized Paille's claims of specialized privileges to those the trial court hears in small claims court when

people claim they have filed for bankruptcy but in fact they have only consulted with an attorney and the bankruptcy has not yet been filed. Here, like in those hypothetical situations, the trial court explained that even if true, without proof of filing and acceptance, Paille's belief was irrelevant and would only serve to confuse the jury.

[13] "Irrelevant evidence is not admissible." Ind. Evidence Rule 402. Furthermore, even if the evidence were relevant, the trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Ind. Evidence Rule 403.

[14] When his license was suspended, Paille received notice from the trial court and from the BMV. He did not thereafter receive anything that revoked his suspension. Even when suggested by the trial court, Paille failed to present any evidence of documents signed by him or an order by a trial court or the BMV allowing him to drive. Based on these facts, we cannot say the trial court erred in refusing to allow Paille to testify about the reasons he believed he was allowed to drive, because that testimony could have misled the jury when Paille's *mens rea* was not at issue. *See Snow v. State*, 77 N.E.3d 173, 177 (Ind. Ct. 2017) (trial courts have wide discretion in making Rule 403 determinations); *see also Chavers*, 991 N.E.2d at 153 (if given conflicting information, "a reasonable person would attempt to verify the validity" of the information before relying on it to his or her detriment).

# Conclusion

The trial court did not abuse its discretion when it refused to admit Paille's testimony as that testimony would not negate Paille's culpability and would have only served to confuse the jury. Accordingly, we affirm.

Affirmed.

Riley, J., and Mathias, J. concur.